■ ALEXANDER WASSERMAN, Doing Business as WASSERMAN REALTY SERVICE, Respondent, v LITAS INVESTING CO., INC., et al., Appellants.

In a brokerage agreement executed by the parties, the defendants agreed to pay the plaintiff a $110,500 commission if and when title closed pursuant to a contract for the sale of land between the defendant Litas Investing Co., Inc. (hereinafter Litas), the seller, and a third-party purchaser, the Green Point Savings Bank. The commission would also become due and payable if title did not close due to Litas's willful default or its failure to obtain a release from the lien of a mortgage on the premises held by the estate of one Frederick W. I. Lundy. Litas refused to close, claiming that it was unable to perform the contract, which required the conveyance of a clear title, due to events beyond its control, namely, the filing of liens against the property by an architect named Aglis K. Gudelis on April 8, 1983, after the execution of the contract of sale, but prior to the date of closing. These liens consisted of a mechanic's lien filed against the premises and other properties owned by Litas for labor performed by Gudelis pursuant to a contract with Litas, which it allegedly breached by failing to pay as agreed. The defendants also claimed that they were unable to perform the contract because on or about August 4, 1983, Gudelis commenced an action in the United States District Court for the Eastern District of New York based on this contract, seeking to impose a constructive trust on various properties owned by Litas. The trial court held that the plaintiff was entitled to its commission because the defendant had willfully defaulted on its obligations under the contract of sale. It found that both the Gudelis mechanic's lien and the Federal action involved services not related to the property in question, and that these liens did not affect the property in question and were not obstacles to conveyance of a clear title at closing. We agree.

A reading of the record reveals that although the mechanic's lien purports to include the property in question, the services on which it is based were performed with respect to *other* properties. Thus, only these other properties were affected by the Gudelis mechanic's lien *(see,* Lien Law § 3). In any

event, even assuming that the lien did affect the premises in question, Litas could have conveyed clear title and satisfied its obligations under the contract of sale by depositing in escrow a sum sufficient to discharge the lien if it was held to be valid *(see, Stern v Gepo Realty Corp., 289 NY 274, 277).*

Similarly, a reading of the constructive trust claims asserted in Gudelis's complaint reveals not only that the services for which Gudelis seeks compensation were performed on properties other than the one at issue at bar, but also that the request to impress a constructive trust did not include the property in question.

Finally, the brokerage agreement also provided that the defendants' failure to obtain a release from the lien of a mortgage on the premises held by the estate of Frederick W. I. Lundy would be a separate and distinct condition making the commission due and payable. Although the Lundy mortgage was assigned to the Kasa Lithuanian Federal Credit Union, we do not believe that such an assignment would qualify as a "release", since at the date of the closing of the contract, Kasa still held the mortgage in the same amount and on the same premises. Although the trial court never addressed this issue, we believe that on this basis alone, the plaintiff is entitled to his commission. Thompson, J. P., Weinstein, Rubin and Spatt, JJ., concur.