OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, with costs, by denying defendant’s motion for summary judgment, and, as so modified, affirmed.
Plaintiff, Feinberg Bros. Agency, Inc., a licensed real estate broker, instituted this action to recover commissions due it from defendant Berted Realty Co., Inc. It is alleged in the complaint that on May 24, 1983 plaintiff orally agreed with defendant to find a purchaser for defendant’s premises in New Rochelle, New York. Pursuant to the terms of the brokerage agreement, plaintiff’s commission for finding a purchaser would equal 6% of the property’s purchase price. The asking price for the realty was originally $640,000, but was subsequently raised to $675,000.
*830 On August 22, 1983, plaintiff found a prospective purchaser willing to pay $675,000 for the premises, but defendant’s principals rejected the offer noting it had received a $750,000 offer through another broker. Two days later plaintiff’s buyer offered to pay $800,000 for the property and tendered a $15,000 check to the seller along with a letter from plaintiff indicating the offer was “based on” plaintiff receiving a commission of 6% of the selling price “due and payable in full upon closing.”
Despite the $800,000 purchase offer and the delivery of a $15,000 binder check — which defendant kept and did not return for two months — defendant refused to enter into a contract with the buyer produced by plaintiff. The seller eventually withdrew the property from the market.
Plaintiff commenced this action seeking its unpaid commission of $48,000. Defendant denied liability and moved for summary judgment contending no commission was owed because the letter sent by plaintiff with the purchase offer conditioned payment of the commission upon closing and title had not closed. Plaintiff cross-moved for summary judgment maintaining it had earned its commission by obtaining a ready, willing and able buyer. Special Term denied both motions. The Appellate Division, relying on Graff v Billet (64 NY2d 899), concluded that plaintiff had agreed that its commission was not earned until title passed and it therefore modified the order of Special Term and granted defendant summary judgment dismissing the complaint.
The general rule is that a broker who "produces a person ready and willing to enter into a contract upon his employer’s terms * * * has earned his commissions” (Tanenbaum v Boehm, 202 NY 293, 299). However, "parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement, including a condition that the contract of sale actually be consummated before the broker is deemed to have earned his commission” (Levy v Lacey, 22 NY2d 271, 274). In Graff v Billet (supra), we found that the parties had agreed upon such a condition by stipulating that the commission would be due and payable absent willful default by the seller, “as, if and when title passed.” Because there had been no willful default and the language of the agreement was plainly conditional, we held the broker had not earned his commission by merely presenting a willing purchaser: payment was conditioned on closing.
*831 This case cannot be similarly resolved. The broker, having allegedly earned its commission pursuant to the oral agreement, cannot be charged, as a matter of law, with intending by its letter to modify the oral agreement. The statement, because of its ambiguity, presents an issue of fact. A trial is necessary, therefore, to determine whether the broker and the seller intended to render the commission contingent upon closing or whether they agreed that the commission was already earned but that payment was only deferred until the time of closing.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order modified, etc.