■ GREINER-MALTZ COMPANY, INC., Respondent, v KALEX CHEMICAL PRODUCTS, INC., Appellant.—In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Queens County (Bambrick, J.), dated November 17, 1987, as denied those branches of its motion which were for summary judgment dismissing the first and second causes of action asserted in the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties entered into a brokerage agreement in October 1984 for the sale of certain of the defendant's property in Brooklyn. The brokerage contract, written by the plaintiff, provided that "All fees are payable in full upon closing". In April 1985 the plaintiff produced a buyer who, it is alleged, was ready, willing and able to buy on the defendant's terms. In or about June 1985 the negotiations came to an end. The plaintiff asserts that the defendant stopped returning telephone calls and later notified the plaintiff that it would rather lease the premises than sell.

The plaintiff seeks the brokerage commission that it asserts it is owed because it produced a ready, willing and able buyer. The defendant argues that no commission is owed because under the terms of the contract, the commission was not to accrue until title passed to a buyer.

The Supreme Court found that the terms of the contract were ambiguous and that a trial would be necessary to determine when the right to a commission was to have accrued. We agree. Language similar to that used in the instant case has been found to be ambiguous (see, Feinberg Bros. Agency v Berted Realty Co., 70 NY2d 828). The statement that "All fees are payable in full upon closing" is ambiguous and presents an issue of fact. A trial is necessary to determine whether the

parties intended to make the commission contingent upon a closing or whether the plaintiff earned its commission when it produced a ready, willing and able buyer, with payment of the commission deferred until the closing *(see, Feinberg Bros. Agency v Berted Realty Co., supra,* at 831).

The plaintiff's second cause of action alleges that even if the contract rendered its commission contingent upon closing, if the defendant willfully refused to close the sale in order to deprive the plaintiff of its commission, the defendant is guilty of bad faith and must pay the commission. It is well settled that "even where the broker and seller expressly provide that there shall be no right to a commission unless some condition is fulfilled, and the condition is not performed, the seller will nevertheless be liable if he is responsible for the failure to perform the condition" *(Lane-Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36, 43). It is necessary to determine whether or not the defendant canceled the sale in good faith. The defendant claims it canceled the sale due to business considerations. The plaintiff claims this is not true as subsequently the defendant sold the property at a substantially higher price. The defendant claims it still owns the property.

In order for the defendant to obtain summary judgment, it is necessary for it to establish, as a matter of law, that the plaintiff's cause of action is without merit (CPLR 3212 [b]). "On the other hand, to defeat a motion for summary judgment the opposing party must 'show facts sufficient to require a trial of any issue of fact' " *(Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065, 1067, quoting from CPLR 3212 [b]).

On review of a denial of a defendant's motion for summary judgment, a plaintiff is entitled to every favorable inference which can be drawn from the evidence *(Tambaro v City of New York,* 140 AD2d 331). Applying this standard, we find that issues of fact exist regarding the meaning of the contract, the intent of the parties, and the reasons the proposed sale was not consummated. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.