■ HERBERT W. KNIGHT et al., Respondents, v JONATHAN McCLEAN, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Held, J.), dated April 25, 1988, which, *inter alia,* directed the defendant to convey title of the subject premises to the plaintiffs.

Ordered that the order is affirmed, with costs.

On March 1, 1984, the plaintiffs entered into a contract of sale with the defendant to purchase a four-family building in Brooklyn for $56,500. The closing of title was scheduled to take place on April 30, 1984. The title report obtained by the plaintiffs following the execution of the contract of sale, however, reflected that certain violations existed at the demised premises which required that a new certificate of occupancy be obtained. As a result of the defendant's failure to procure a certificate of occupancy, the closing of title did not take place as scheduled, despite the plaintiffs' repeated demands.

The plaintiffs commenced the instant action in March 1986 seeking, *inter alia,* specific performance of the contract. In March 1987, the parties entered into a stipulation of settlement in open court by which the parties agreed that the

contract of sale would be honored pursuant to its original terms with the noted exception that the purchase price was increased $3,000 to $59,500. The parties and their respective attorneys agreed to cooperate with one another to effectuate the contract conveyance and further agreed that "all title objections shall be obviated with the cooperation of each of the parties signing and doing whatever is required by the title company to render title marketable". The stipulation also provided that the closing would take place "within a reasonable period of time".

Upon the defendant's subsequent refusal to convey the subject premises, purportedly due to his inability to obtain a certificate of occupancy, the plaintiffs moved for an order directing the appointment of a Referee to execute a deed to convey the demised premises pursuant to the terms of the parties' contract. In opposition thereto, the defendant asserted that despite his continued efforts he was unable to obtain the necessary certificate of occupancy and, thus, under paragraph 20 of the contract, he was entitled to cancel the parties' agreement upon refunding the plaintiffs' down payment and the payment of certain charges incurred by the plaintiffs. That paragraph provides that "[i]f Seller is unable to transfer title to Purchaser in accordance with this contract, Seller's sole liability shall be to refund all money paid on account of this contract" plus charges incurred, *inter alia,* for title searches and survey inspections.

By order dated April 25, 1988, the Supreme Court granted the plaintiffs' motion for specific performance of the contract of sale and, *inter alia,* directed the defendant, upon payment of the consideration set forth in the parties' March 1987 stipulation, to convey title to the subject premises to the plaintiffs. We hereby affirm.

Under the explicit terms of the rider to the parties' contract, the plaintiffs possessed "the right to accept such title [to the demised premises] as the seller is able to convey, without any claim on the part of the purchasers for abatement for defects or objections". In view thereof, coupled with the plaintiffs' expressed desire to accept title to the subject premises despite the absence of a certificate of occupancy, the plaintiffs are entitled to specific performance of the contract. Moreover, the defendant's reliance on paragraph 20 of the contract is misplaced. That provision did not provide the defendant with the unilateral right to cancel the contract, but rather was solely intended to limit his liability in the event that he was

unable to transfer title to the premises to the plaintiffs. Mollen, P. J., Thompson, Kunzeman and Bracken, JJ., concur.