■ Stutzmann Realty, Inc., Respondent, v Anna Petralia, Appellant.—In an action to recover a broker's commission allegedly due, the defendant appeals from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 16, 1988, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is granted and the complaint is dismissed.

On September 2, 1986, the defendant seller contracted to sell her home to a purchaser procured by the plaintiff broker. On the same date the seller and broker executed a brokerage commission agreement which provided that the commission "shall be deemed earned and shall be paid when, as, and if title closes on said sale, with the exception of willful default on the part of the [seller]". On or about September 22, 1986, before any closing date was set, the seller was served with a summons and complaint in an action by a creditor of her husband's business concerns. In the complaint, the creditor sought to enjoin any conveyance of the property, contending that it had been fraudulently transferred to the seller by her husband earlier that year after commencement of an action by the creditor against the husband to recover certain sales commissions. In addition, a lis pendens was filed by the creditor against the property. Consequently, the seller and the purchaser agreed to the cancellation of their contract pursuant to the terms of the contract. However, prior to the cancellation, the broker commenced this action seeking to recover its commission. The Supreme Court found triable issues as to the broker's entitlement to a commission and therefore denied the seller's motion for summary judgment. We reverse.

The contract of sale expressly granted to the seller the right to cancel the contract in the event she was unable to convey good and marketable title, and upon such cancellation, limited the seller's liability to the return of the down payment and the payment of certain costs. Because the creditor's action rendered the title unmarketable, the seller had a contractual right to cancel the contract as she did. Thus, contrary to the broker's contention, there was no default, willful or otherwise, under the contract. Nor do we find merit to the broker's further contention that the seller's failure to clear title constituted a "willful default" under the brokerage agreement. The seller did not create this encumbrance and, in any event, the record shows that she diligently defended against the creditor's action. Thus, she was truly unable to convey good title *(see, Levy v Lacey,* 22 NY2d 271; *Shepard v Spring Hollow,* 87 AD2d 126; *cf., Wasserman v Litas Investing Co.,* 124 AD2d 581; *Green Point Sav. Bank v Litas Investing Co.,* 124 AD2d 555).

The broker agreed to forego its commission until passage of title. That condition precedent simply never materialized and because this was not attributable to any "willful default" by the seller, the broker is not, as a matter of law, entitled to a

commission under the terms of the brokerage agreement *(see, Graff v Billet,* 101 AD2d 355, *affd* 64 NY2d 899). Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.