■ Herbert W. Knight et al., Respondents, v Jonathan McClean, Appellant.—In an action for specific performance of a contract for the sale of real property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated September 8, 1989, as denied his motion, *inter alia,* to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 1, 1984, the plaintiffs (hereinafter the buyers), entered into a contract of sale with the defendant (hereinafter seller) to purchase a four-family building in Brooklyn for $56,500. The closing was scheduled for April 30, 1984. The title report obtained by the buyers following the execution of the contract of sale, however, reflected that certain violations existed at the premises which required that a new certificate of occupancy be obtained. As a result of the seller's failure to procure a certificate of occupancy, the closing of title did not take place as scheduled, despite the repeated demands of the buyers.

In March 1986 the buyers brought this action for specific performance of the contract of sale. In March of 1987 the parties entered into a stipulation of settlement in open court by which they agreed that the contract of sale would be honored pursuant to its original terms, but that the purchase price was increased $3,000, to $59,500. The stipulation also

provided that the buyers had 100 days following the day after the stipulation to obtain a mortgage commitment.

Upon the seller's subsequent refusal to convey the premises, purportedly due to his inability to obtain a certificate of occupancy, the buyers moved for the appointment of a referee to execute a deed to convey the premises pursuant to the terms of the contract. In opposition, the seller asserted that despite his continued efforts he was unable to obtain the necessary certificate of occupancy.

By order dated April 25, 1988, the Supreme Court granted the buyers' motion for specific performance of the contract of sale and, among other things, directed the seller, upon payment of the consideration set forth in the March 1987 stipulation, to convey title to the buyers. This court affirmed that order (see, Knight v McClean, 148 AD2d 421).

The buyers agreed to take the property without the seller obtaining a certificate of occupancy. Consequently, private financing became necessary. Apparently, the buyers had previously planned to use a conventional mortgage lender requiring the premises to have a certificate of occupancy. The parties agreed to close on March 7, 1989. However, the buyers' lender changed its terms at the last minute, and no closing was held.

By letter dated May 24, 1989, the seller's attorney notified the buyers' attorney that the seller was ready, willing and able to close at 10:00 A.M., on June 9, 1989, that "time is of the essence", and that a failure of the buyers to appear at the closing would render the buyers in default of the contract, entitling the seller to retain any earnest moneys paid thereunder.

By letters dated June 1, 1989, and June 5, 1989, respectively, the buyers' attorney indicated to the seller's attorney that the buyers were in the process of obtaining financing, and that he rejected the "time is of the essence" letter of May 24, 1989. The buyers did not meet with the seller on June 9, 1989.

The seller moved, among other things, to vacate the stipulation of settlement and dismiss the action. The seller contended that because the buyers were notified of, but did not comply with, the "time is of the essence" letter, the contract was nullified.

By order dated September 8, 1989, the Supreme Court denied the seller's motion unless the seller granted the buyers' appraiser access to the premises in one month and the buyers failed to close in two months. We affirm.

Where time was not made of the essence in the original

contract, one party may subsequently give notice to that effect and upon the other party's failure, gain a default. The notice, however, must be clear, distinct, and unequivocal, and must fix a reasonable time within which to perform. It must inform the other party that if it does not perform by that date, it will be in default. It does not matter that the date is unilaterally set *(see, Mohen v Mooney,* 162 AD2d 664). Applying the foregoing principles, it is clear that the seller gave clear, distinct, and unequivocal notice. Contrary to the seller's contentions, however, the time fixed for performance was not reasonable under the circumstances of this case.

"What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" *(Zev v Merman,* 73 NY2d 781, 783, citing *Ballen v Potter,* 251 NY 224). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" *(Zev v Merman, supra,* at 783, citing *Murray Co. v Lidgerwood Mfg. Co.,* 241 NY 455, 459). Of significant importance here, is the previous conduct of the parties. The seller, after five years of delay, sent the buyers a "time is of the essence" letter dated May 24, 1989, fixing performance for June 9, 1989, an action suggestive of a desire to avoid this contract. On the other hand, the buyers, in a number of ways, have demonstrated good faith in their efforts to perform. After the seller refused to comply with the contract, the buyers stipulated to pay the seller $3,000 more than the original price. The buyers agreed to accept the premises without a certificate of occupancy; and they have had to resort to four years of litigation in order to achieve performance on the contract. In all, we conclude that the seller's "time is of the essence" letter failed to provide the buyers with a reasonable time in which to close, and was therefore a nullity *(see, 3M Holding Corp. v Wagner,* 166 AD2d 580).

Accordingly, the sellers are not entitled to vacatur of the stipulation of settlement or to dismissal of the action, and we affirm the order appealed from. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.