■ ALL INDUSTRIAL REAL ESTATE CORP., Appellant, v NORTHGATE PLAZA AT STONY BROOK II, Respondent, et al., Defendants.—In an action, *inter alia,* to recover a real estate brokerage commission, the plaintiff All Industrial Real Estate Corp. appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered April 9, 1990, which denied its motion for summary judgment in its favor and granted the cross motion of the defendant Northgate Plaza at Stony Brook II to consolidate the instant action with another action brought by the defendant Island Swimming Sales, Inc., against it.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment is granted as against the defendant Northgate Plaza at Stony Brook II, upon searching the record, the complaint is dismissed insofar as it is asserted against the defendant Island Swimming Sales, Inc., and the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in the plaintiff's favor against the defendant Northgate Plaza at Stony Brook II in the principal sum of $44,595.08.

The plaintiff All Industrial Real Estate Corp. (hereinafter All Industrial), is a licensed commerical real estate broker. The defendant Northgate Plaza at Stony Brook II (hereinafter Northgate), is the owner of real property located in East Setauket, New York. All Industrial introduced Northgate to the defendant Island Swimming Sales, Inc. doing business as Island Recreational (hereinafter Island). Pursuant to an agree-

ment entered into between All Industrial and Northgate, Northgate agreed to pay a total commission on the leasing of the East Setauket property to Island in the sum of $53,514.09. One-sixth of the commission was due upon the signing of the lease. Thereafter, one-third of the commission was due upon Island taking occupancy and paying the first month's rent, one-third was due 60 days later upon Island paying the third month's rent, and the balance of one-sixth was due 30 days later upon Island paying the fourth month's rent. On June 30, 1988, a lease was entered into between Northgate and Island at which time Northgate made the first one-sixth payment of $8,919.02. On or about January 1, 1989, Island took possession of the premises. Island occupied the premises through the fourth month and made all rental payments to Northgate. Northgate refused to pay the commission installments due under the agreement. In August 1989 All Industrial commenced the instant action, *inter alia,* to recover the balance of the commission in the sum of $44,595.08. Thereafter, All Industrial moved for summary judgment, essentially arguing that all of the conditions precedent to payment of the commission were complied with.

On the record before us All Industrial has established its entitlement to summary judgment as against the defendant Northgate *(see,* CPLR 3212). It procured a tenant ready and willing to enter into a lease. Pursuant to the terms of the commission agreement, once the tenant paid the first four months rent, the broker's right to a full commission became enforceable *(cf., Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828, 830; *Hecht v Meller,* 23 NY2d 301, 305; *Reynolds Realty v Wilczewski,* 160 AD2d 787). Northgate's conclusory and speculative allegations that a collusive scheme existed between All Industrial and Island to cause severe financial damage to Northgate failed to make out a genuine issue of fact to be resolved at trial *(see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966, 967; *Zuckerman v City of New York,* 49 NY2d 557, 562).

Since, pursuant to the commission agreement, Northgate agreed to pay the entire broker's commission, upon searching the record, All Industrial's complaint is dismissed insofar as it is asserted against Island (CPLR 3211 [a] [7]). Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.