■ Martin Ehrlich et al., Respondents, v Island Plus Agency, Inc., et al., Appellants, and David J. Dubin et al.,

Defendants. [613 NYS2d 245] —In an action to recover monies paid pursuant to contracts to purchase the defendant Island Plus Agency, Inc., and the real property upon which its principal office is located, the defendants Island Plus Agency, Inc., and Elliot Leffler appeal from (1) so much of an order of the Supreme Court, Kings County (Vaccaro, J.), dated November 16, 1992, as granted those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action and (2) so much of a judgment of the same court, dated December 3, 1992, as is against them and in favor of the plaintiffs in the principal sum of $75,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order dated November 16, 1992, is vacated to the extent it granted those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action, those branches of the plaintiffs' motion for summary judgment are denied, the order is amended accordingly, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,

Ordered that the appellants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Upon review of the parties' respective papers submitted in connection with those branches of the plaintiffs' motion which were for summary judgment on their first and second causes of action, we find that questions of fact exist as to, inter alia, the number, length and nature of the adjournments of the originally scheduled closing date for the contracts in question. Thus, the court could not determine, as a matter of law, whether the adjournments were reasonable (see, Ben Zev v Merman, 73 NY2d 781; Knight v McClean, 171 AD2d 648). Furthermore, there is a question of fact as to whether the plaintiffs gave adequate notice to the appellants, after the last adjourned closing date had passed, that time was of the essence and setting a new closing date, so that the plaintiffs were entitled to cancel the contracts (see, Tarlo v Robinson,

118 AD2d 561, 566; *see also, 76 N. Assocs. v Theil Mgt. Corp.,* 132 AD2d 695; *Royce v Rymkevitch,* 29 AD2d 1029, 1030). Accordingly, we remit the matter to the Supreme Court for trial *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Daliendo v Johnson,* 147 AD2d 312, 317).

In light of the foregoing conclusion, we need not address the appellants' remaining contention. Bracken, J. P., Miller, Copertino and Hart, JJ., concur.