■ JACOB I. SOPHER, Appellant, v HARRY B. MARTIN et al., Respondents. (Action No. 1.) MAURICE B. CUNNINGHAM, INC., Respondent, v JACOB I. SOPHER, Appellant. (Action No. 2.) [663 NYS2d 83] —In related actions, *inter alia*, for specific perfor-

mance of a contract for the sale of real property (Action No. 1), and for payment of a brokerage commission (Action No. 2), Jacob I. Sopher appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated October 17, 1995, as, in Action No. 1, denied his motion for summary judgment, granted the cross motion by the defendants Harry B. Martin and Melanie Martin, *inter alia*, for summary judgment on their first counterclaim for liquidated damages, and awarded the defendants Harry B. Martin and Melanie Martin summary judgment on the issue of liability on their second counterclaim for slander of title, and in Action No. 2, granted the motion by the plaintiff Maurice B. Cunningham, Inc., for summary judgment on the complaint, (2) a judgment of the same court entered November 15, 1995, which, upon the order dated October 17, 1995, is in favor of Maurice B. Cunningham, Inc., the plaintiff in Action No. 2, and against him in the principal sum of $37,500, and (3) a judgment of the same court entered February 22, 1996, which, in Action No. 1, is in favor of Harry B. Martin and Melanie Martin and against him in the principal sum of $75,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment entered November 15, 1995, is reversed, on the law, so much of the order dated October 17, 1995, as granted the motion by Maurice B. Cunningham, Inc., the plaintiff in Action No. 2, for summary judgment on the complaint is vacated, and the motion is denied; and it is further,

Ordered that the judgment entered February 22, 1996, is reversed, on the law, so much of the order dated October 17, 1995, as denied the appellant's motion for summary judgment and granted the cross motion by the defendants Harry B. Martin and Melanie Martin, *inter alia*, for summary judgment on their counterclaims is vacated, the cross motion is denied, and that branch of the appellant's motion which was for summary judgment dismissing the second counterclaim by Harry B. Martin and Melanie Martin is granted; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the order dated October 17, 1995, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgments in Actions No. 1 and No. 2 (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeals from the judgments (*see*, CPLR 5501 [a] [1]).

The instant appeals arise from a real estate sale which was not consummated, allegedly because the appellant purchaser was concerned about the placement of a fence on the property. The fence marked one of the boundaries of the parcel yet the appellant had apparently been under the impression that the parcel continued beyond the fence to a row of hedges which he believed marked the true boundary. After protracted discussions could not resolve the dispute, and after the appellant rejected the offer by Harry B. Martin and Melanie Martin (hereinafter the sellers) to cancel the contract and return the down payment, the sellers declared time to be of the essence. When the appellant still refused to close, the sellers declared him to be in default, and, *inter alia*, sought to retain the down payment. In the related action, Maurice B. Cunningham, Inc. (hereinafter the broker) demanded payment of its commission from the appellant, contending that it was entitled thereto pursuant to the contract of sale and an agreement with the appellant, since it had produced a ready, willing, and able purchaser. Upon the parties' respective motions, the Supreme Court determined that the sellers were entitled to retain the down payment as liquidated damages, and that they were entitled to partial summary judgment on the issue of liability on their second counterclaim, which was for slander of title. The court also determined that the broker had earned its commission.

The commission agreement signed by the appellant provided that the appellant would pay the commission "at closing". Generally, a broker is entitled to a real estate commission when he produces a buyer who is ready, willing, and able to purchase the property on terms acceptable to the seller (*see, Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36; *see also, Rusciano Realty Servs. v Griffler*, 62 NY2d 696). However, the parties to a commission agreement may provide for a commission to be payable contingent upon the closing of title (*see, Welch Real Estate v Heritage Broadcasting Co.*, 192 AD2d 891; *Cook / Pony Farm Real Estate v Spartan Enters.*, 157 AD2d 766). Issues of fact were presented as to whether the broker's right to receive a commission was contingent upon a closing and thus, the court erred in awarding the broker summary judgment (*see, H.B.L.R., Inc. v Command Broadcast Assocs.*, 156 AD2d 151; *Hared Realty Corp. v Esikoff*, 143 AD2d 730; *Greiner-Maltz Co. v Kalex Chem. Prods.*, 142 AD2d 552).

The Supreme Court also erred in awarding the sellers' partial summary judgment on their second counterclaim, which was to recover damages for slander of title. This counterclaim was

predicated upon the appellant having filed a notice of pendency. However, a notice of pendency does not give rise to a cause of action sounding in slander of title (*see, 35-45 May Assocs. v Mayloc Assocs.*, 162 AD2d 389; *Brown v Bethlehem Terrace Assocs.*, 136 AD2d 222).

Finally, the sellers were not entitled to judgment as a matter of law on their first counterclaim for liquidated damages due to the appellant's alleged breach of contract as issues of fact exist, *inter alia*, as to whether the sellers' declaration that time was of the essence was reasonable under the circumstances (*see, Ehrlich v Island Plus Agency*, 205 AD2d 579). Miller, J. P., Joy, Goldstein and Florio, JJ., concur.