■ DWELLING QUEST CORP., Appellant, v GREATER NEW YORK SAVINGS BANK et al., Respondents. [668 NYS2d 33] —Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 17, 1997, dismissing the complaint, and bringing up for review an order, same court and Justice, entered January 14, 1997, which, in an action by plaintiff real estate broker against defendant sellers to recover a broker's commission, granted defendants' motion for summary judgment, unanimously affirmed, with costs. The appeal from the order is unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

While the writing prepared by plaintiff stating that its commission "shall only be due if [its prospect] completes and closes the transaction" was not signed by either party, and therefore does not constitute the parties' agreement, it certainly constitutes evidence of their agreement. We deem it conclusive in the

absence of a credible explanation by plaintiff why it sent defendants a writing that did not reflect the agreement in direct response to defendants' request that plaintiff furnish a writing of the agreement. Since there was no closing, and in the absence of a credible explanation by plaintiff why the all cash offer defendants ultimately accepted was not more advantageous than the purchaser money mortgage offer by plaintiff, no commission was earned (*see, Corcoran Group v Morris*, 107 AD2d 622). Further, the IAS Court properly concluded that, even if it were assumed that defendants accepted plaintiff's prospect's terms, plaintiff failed to raise an issue of fact as to whether the prospect had the money required to be paid at the closing, scheduled only eight business days after plaintiff's submission of the proposed contract (*see, Taibi v American Banknote Co.*, 135 AD2d 810, *lv denied* 72 NY2d 803). Concur—Sullivan J. P., Ellerin, Nardelli, Rubin and Tom, JJ.