■ PRIME CITY REAL ESTATE Co., INC., Respondent, v STEVE C. HARDY, as Trustee of the OLIVER WILLIAMS REVOCABLE

TRUST, et al., Appellants. [681 NYS2d 245] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered September 23, 1997, which, after a nonjury trial, awarded plaintiff damages in the principal amount of $100,000, plus interest and costs, unanimously affirmed, with costs.

In this action to recover a broker's commission for procuring a prospective buyer for defendants' real property, plaintiff adduced ample evidence that defendants and the prospective buyer (Wasserman) procured by plaintiff agreed that the property would be sold for $4.1 million in cash, on an "as is" basis, with a $410,000 deposit to be paid on execution of the contract, conditioned on Wasserman's verification of registration of rents and violations of record, which verification was carried out to Wasserman's satisfaction. The principals, accordingly, agreed on the essential terms of the transaction (*see, Mengel v Lawrence*, 276 App Div 180, 181-182; *Glassman Assocs. v Hallen Realty Corp.*, 37 Misc 2d 877, 879, *affd* 20 AD2d 759), and defendants' subsequent receipt of an offer of a higher price did not entitle them to avoid paying plaintiff's commission by refusing to negotiate the remaining details of the sale to Wasserman, thereby thwarting that transaction's natural progress (*Trylon Realty Corp. v Di Martini*, 34 NY2d 899, 900, *affg* 40 AD2d 1029, 1030; *Kirk Assocs. v McDonald Equities*, 155 AD2d 281, 281-282, *lv denied* 75 NY2d 706). Wasserman's financial ability to consummate the transaction was established by his testimony concerning his assets and access to credit, substantiated by a financial statement setting forth his bank accounts, securities and real estate holdings (*see, Siegel v Liese*, 23 AD2d 425, 426-427, *affd* 18 NY2d 930; *Globerman v Lederer*, 281 App Div 39, 42-43). Concur—Milonas, J. P., Nardelli, Williams, Tom and Andrias, JJ.