■ EASTERN CONSOLIDATED PROPERTIES, INC., Appellant, v PETER B. LUCAS et al., Respondents, et al., Defendants. [729 NYS2d 11] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered September 26, 2000, which, in an action to recover a real estate broker's commission, granted the motion of the defendants Peter B. Lucas and Staten Island Savings Bank to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, with costs, the motion denied, and the complaint reinstated.

It is well settled that to assert a cause of action to recover a broker's commission, a plaintiff must allege that, pursuant to an existing commission agreement, it procured a ready, willing and able purchaser at the price and terms of the seller (*see, Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830; *Tanenbaum v Boehm*, 202 NY 293, 299; *Prime City Real Estate Co. v Hardy*, 256 AD2d 80, 81). On appeal, plaintiff contends that the complaint sufficiently alleges this cause of action. However, defendants-respondents maintain that plaintiff is not entitled to its commission because all of defendants did not agree to sell the subject premises.

On a motion to dismiss, the court is not called upon to determine the truth of the allegations (*see, 219 Broadway Corp.*

*v Alexander's, Inc.*, 46 NY2d 506, 509). Rather, the complaint should be liberally construed in favor of the plaintiff (*see, Foley v D'Agostino*, 21 AD2d 60, 65-66) solely to determine whether the pleading states a cause of action cognizable at law (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, 275).

Based on this standard of review, we find that the complaint, coupled with the plaintiff's opposing affidavits, which can be considered to amplify the pleadings (*see, Rovello v Orofino Realty Co.*, 40 NY2d 633, 635; *Magarian & Co. v Timberland Co.*, 245 AD2d 69), alleges that certain defendants had the authority to act on behalf of all of the defendants in the underlying real estate transaction.

Once a broker has procured a buyer ready, willing and able to purchase on the seller's terms, the broker has earned its commission (*see, Prime City Real Estate, supra*, 256 AD2d at 81), and the seller who frustrates the consummation of the transaction is liable nonetheless to the broker (*see, Kirk Assocs. v McDonald Equities*, 155 AD2d 281, *lv denied* 75 NY2d 706).

Contrary to the IAS court's holding, there is no requirement that a realtor's brokerage agreement be in writing (*see,* General Obligations Law § 5-701 [a] [10]). Concur—Sullivan, P. J., Rosenberger, Ellerin, Wallach and Marlow, JJ.