■ First New York Realty Co. Inc., Respondent, v Frank Ring et al., Appellants. [749 NYS2d 20] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered May 23, 2001, which, upon a jury verdict, awarded plaintiff $58,543.13 plus interest and costs, unanimously reversed, on the law, without costs, and the matter remanded for a new trial.

Plaintiff, a real estate broker, seeks to recover a commission for procuring a tenant for defendants' commercial space. One of the defenses defendants raised was that, under the parties' oral agreement, the tenant's prior payment of the rent due under the lease was a condition precedent to defendants' obligation to pay each installment of plaintiff's commission. Defendants' contention draws some support from the commission schedule they sent to plaintiff in August 1997, which noted that the first installment, to become due the following December, would be payable "AFTER RENT." Plaintiff takes the position that this schedule reflects that only payment of the first installment was conditioned on prior payment of rent. Since the tenant was current in its payment of rent through December 1997, plaintiff contends that it is entitled to the full amount of the commission. Prior to trial, Supreme Court (Franklin Weissberg, J.) rendered a decision that, in denying defendants' cross motion for summary judgment, rejected defendants' argument that all installments of the commission were conditioned on prior payment of rent. The Trial Justice gave effect to this decision as law of the case, and refused to submit the condition precedent issue to the jury. The jury rendered a verdict for plaintiff on the affirmative defense of breach of fiduciary duty, and this appeal ensued.

We reverse and remand for a new trial. It is well established that, although the general rule is that a real estate broker earns its commission upon production of a party ready, willing and able to contract upon the principal's terms, the parties may depart from this rule by express agreement and impose other conditions before the commission is deemed to have been earned (see *Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830). In this case, the issue of whether the parties agreed that payment of rent was a condition precedent to the obligation to pay the commission should have been submitted to the jury, since "neither party can establish the precise terms of the oral agreement as a matter of law" (*First N.Y. Realty Co. v DeSetto*, 237 AD2d 219, 220; see also *Feinberg Bros. Agency v Berted Realty Co.*, supra at 831; *SageGroup Assoc. v Dominion Textile [USA]*, 244 AD2d 281, 282). In this regard, we note that this case presents us with an oral brokerage agreement, not

one set forth in an integrated writing. Contrary to the view of the Justice who, as a matter of law, rejected defendants' condition precedent argument, the documentary evidence on which defendants rely does not unambiguously contradict their version of the terms of the agreement. It is for a jury to decide which inferences to draw from the ambiguous documentary evidence and to determine which of the conflicting oral testimony is credible.

Since we are remanding for a new trial in any event, we have no need to address defendants' further argument that the verdict for plaintiff on the fiduciary duty issue was against the weight of the evidence. Concur—Tom, J.P., Saxe, Rosenberger, Rubin and Friedman, JJ.