■ INSIGNIA DOUGLAS ELLIMAN LLC RETAIL GROUP, Respondent, v JIM MERRELL, Appellant. [782 NYS2d 435]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered March 1, 2004, which, to the extent appealed from, denied defendant's cross motion for summary judgment, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Plaintiff seeks to recover a commission from defendant landlord/owner in connection with a 10-year sublease of certain commercial premises located in lower Manhattan. These premises are owned by a cooperative corporation whose bylaws provide that any prospective tenant or subtenant is required to obtain approval by the cooperative's board. Plaintiff alleges that although its broker procured a "ready, willing and able" prospective subtenant, FlexForm USA, defendant withdrew his offer of sublease, sublet the premises to another and refused to pay its brokerage commission.

It is well settled that to assert a claim to recover a brokerage commission, a broker must establish through admissible evidence that the prospective tenant was not only ready and willing, but also financially able to complete the transaction (see Eastern Consol. Props., Inc. v Lucas, 285 AD2d 421 [2001]; Dwelling Quest Corp. v Greater N.Y. Sav. Bank, 246 AD2d 431 [1998], lv denied 92 NY2d 810 [1998]). Here, the prospective subtenant of the subject premises, FlexForm USA, or its representative Rick Garofalo, failed to furnish any financial documentation in admissible form that FlexForm had the financial resources to qualify as a subtenant. Since Garofalo conceded that FlexForm, a newly formed business enterprise, had no assets and was financially unable to meet its obligations under the proposed 10-year sublease, the only financial information submitted on behalf of FlexForm was furnished by Repertoire USA, a separate and independent holding company also represented by Garofalo. These proffered financials, however, were unsigned and marked "DRAFT COPY" and "PRELIMINARY & TENTATIVE FOR DISCUSSION PURPOSES ONLY." In the absence of any evidence that Repertoire would be the de facto subtenant or would, in any way, assume FlexForm's obligations under the subject sublease, these submitted financials were insufficient to defeat defendant's request for summary relief. In light of the

foregoing, we find there to be no factual issue as to FlexForm's inability to qualify as a subtenant.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Buckley, P.J., Lerner, Friedman, Sweeny and Catterson, JJ.