■ LEMACK CORP., Doing Business as COVE POINT REALTY, et al., Appellants, v WILLIAM E. HOLMBERG et al., Respondents. [782 NYS2d 865]—

In an action, inter alia, to recover a real estate brokerage commission, the plaintiffs, Lemack Corp., doing business as Cove Point Realty, Ron Israeli, and Nancy Israeli, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated April 30, 2003, as granted that branch of their defendants' motion which was for summary judgment dismissing the cause of action to recover a real estate broker's commission.

Ordered that the appeal by the plaintiffs Ron Israeli and Nancy Israeli is dismissed, without costs or disbursements, as they are not aggrieved by the portion of the order from which the appeal has been taken; and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Lemack Corp., doing business as Cove Point Realty; and it is further,

Ordered that one bill of costs is awarded to the defendants, payable by the plaintiff Lemack Corp., doing business as Cove Point Realty.

The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action asserted by the plaintiff Lemack Corp., doing business as Cove Point Realty (hereinafter Lemack) to recover a real estate broker's commission. Lemack, a multiple listing service broker having no agreement with the defendant sellers, was entitled to a commission only if it was the procuring cause of the sale pursuant to rule 601.31 of the Rules of the Multiple Listing Service of Long Island. It is uncontroverted that Lemack was not the procuring cause of the sale. The defendant sellers were free to accept the contemporaneous offer of the buyers to whom they actually sold their house, and they paid the commissions owed to the brokers involved in that sale (cf. *Buck v Cimino*, 243 AD2d 681 [1997]). Accordingly, Lemack did not earn a commission on a sale it did not procure (see *Greene v Hellman*, 51 NY2d 197 [1980]). H. Miller, J.P., S. Miller, Krausman and Goldstein, JJ., concur.