■ STANZONI REALTY CORP., Respondent, v LANDMARK PROP-ERTIES OF SUFFOLK, LTD., et al., Appellants. [796 NYS2d 549]—

In an action to recover real estate broker's commissions, the defendants Landmark Properties of Suffolk, Ltd., PB Developers, Inc., and Mark E. Baisch appeal from (1) an order of the Supreme Court, Suffolk County (Cohalan, J.), dated January 16, 2004, which granted those branches of the plaintiff's motion which were for summary judgment against Landmark Properties of Suffolk, Ltd., and PB Developers, Inc., with respect to the closings on real property that had already occurred and (2) a judgment of the same court entered March 11, 2004, upon the order, which is in favor of the plaintiff and against the defendant Landmark Properties of Suffolk, Ltd., in the principal sum of $151,899.25, and is in favor of the plaintiff and against the defendant PB Developers, Inc., in the principal sum of $15,974.

Ordered that the appeals by the defendant Mark E. Baisch are dismissed, as he is not aggrieved by the order and the judgment appealed from (see CPLR 5511); and it is further,

Ordered that the appeals by the defendants Landmark Properties of Suffolk, Ltd., and PB Developers, Inc., from the order are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeals by the defendants Landmark Properties of Suffolk, Ltd., and PB Developers, Inc., from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A real estate broker is entitled to recover a commission upon establishing that he or she (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale (*see Greene v Hellman,* 51 NY2d 197, 206 [1980]; *Dagar Group v Hannaford Bros. Co.,* 295 AD2d 554 [2002]; *Friedland Realty v Piazza,* 273 AD2d 351 [2000]; *Graff v Billet,* 101 AD2d 355 [1984], *affd* 64 NY2d 899 [1985]; *cf. Lemack Corp. v Holmberg,* 11 AD3d 589 [2004]). Notwithstanding the fact that the brokerage agreement in this case was oral (*see* General Obligations Law § 5-701 [a] [10]; *Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828, 830 [1987]; *First N.Y. Realty Co. v Ring,* 298 AD2d 299 [2002]; *Buck v Cimino,* 243 AD2d 681 [1997]), the plaintiff established its entitlement to summary judgment with respect to the closings on real property that had already occurred (*see Marketplace Realty v Estate of Robinson,* 277 AD2d 431 [2000]; *All Indus. Real Estate Corp. v Northgate Plaza at Stony Brook II,* 186 AD2d 103 [1992]). The appellants failed to meet their burden in opposition of submitting evidentiary proof, in admissible form, sufficient to establish the existence of a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]; *Pedersen v Suffolk County Assn. of Mun. Empls.,* 256 AD2d 321 [1998]; *Richter v Herman,* 240 AD2d 556 [1997]; *All Indus. Real Estate Corp. v Northgate Plaza at Stony Brook II, supra*).

The appellants' remaining contentions are without merit. H. Miller, J.P., Santucci, Mastro and Skelos, JJ., concur.