■ STEVE ELLIOT, LLC, Respondent, v MICHAEL TEPLITSKY et al., Appellants. [873 NYS2d 672]—

In an action to recover a real estate brokerage commission,

the defendants appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated February 25, 2008, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]; *Peter F. Gaito Architecture, LLC v Simone Dev. Corp.*, 46 AD3d 530 [2007]). "[U]nless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]).

Applying this standard here, the Supreme Court properly denied the defendants' motion to dismiss the complaint. As a general rule, a broker earns a commission where he or she has produced a buyer who is ready, willing, and able to purchase the property upon terms that are acceptable to the seller (*see Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987]; *Eastern Consol. Props. v Lucas*, 285 AD2d 421, 422 [2001]). However, parties to a brokerage agreement are free to add whatever conditions they wish to their agreement, including a condition that closing of title occur before the broker is deemed to have earned a commission (*see Srour v Dwelling Quest Corp.*, 5 NY3d 874, 875 [2005]; *Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d at 830). Contrary to the defendants' contention, the subject brokerage agreement does not unambiguously provide that the closing of title must take place before the broker is deemed to have earned a commission (*see Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d at 831; *Sopher v Martin*, 243 AD2d 459, 461 [1997]; *Greiner-Maltz Co. v Kalex Chem. Prods.*, 142 AD2d 552 [1988]). Accordingly, it cannot be said that the defendants refuted the material facts alleged in the complaint by conclusively demonstrating that the plaintiff's right to a commission was contingent upon the closing of title. Furthermore, there is a significant factual dispute as to whether the parties intended the commission be earned only upon closing, or instead intended that it be earned upon the procurement of a ready, willing and able buyer, with the payment of the commission deferred until closing (*see Greiner-Maltz Co. v Kalex Chem. Prods.*, 142 AD2d 552 [1988]). Mastro, J.P., Florio, Balkin and Eng, JJ., concur.