■ JUDITH WALKER, Respondent-Appellant, v LYNN ADAIR KRAMER et al., Respondents, and GREGORY RABINOWITZ, Appellant-Respondent. [880 NYS2d 677]—In an action, inter alia, to recover damages for legal malpractice, the defendant Gregory Rabinowitz appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated December 11, 2007, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint insofar as asserted against him as sought to recover damages for legal malpractice based on his failure to prepare necessary papers in the plaintiff's underlying divorce action to transfer the marital residence for equitable distribution purposes, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted those branches of the cross motion of the defendants Lynn Adair Kramer, Kramer & Rabinowitz, LLC, and Kramer & Rubin, PLLC, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against the defendants Lynn Adair Kramer and Kramer & Rabinowitz, LLC.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the cross motion of the defendants Lynn Adair Kramer, Kramer & Rabinowitz, LLC, and Kramer & Rubin, PLLC, which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss so much of the complaint as sought to recover damages for legal malpractice against the defendants Lynn Adair Kramer and Kramer & Rabinowitz, LLC, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by the defendant Gregory Rabinowitz and the

defendants Lynn Adair Kramer, Kramer & Rabinowitz, LLC, and Kramer & Rubin, PLLC, appearing separately and filing separate briefs.

"On a motion to dismiss based upon documentary evidence, dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Klein v Gutman*, 12 AD3d 417, 418 [2004]; *see* CPLR 3211 [a] [1]; *Saxony Ice Co., Div. of Springfield Ice Co., Inc. v Ultimate Energy Rest. Corp.*, 27 AD3d 445 [2006]). Moreover, where "evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must determine whether the plaintiff has a cause of action, not whether the plaintiff has stated one" (*Steve Elliot, LLC v Teplitsky*, 59 AD3d 523, 524 [2009], citing *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "[U]nless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

Applying these standards here, the Supreme Court properly denied that branch of the motion of the defendant Gregory Rabinowitz which was to dismiss so much of the complaint as sought to recover damages for legal malpractice based on his failure to prepare necessary papers in the plaintiff's underlying divorce action to transfer the marital residence for equitable distribution purposes (*see Lebeau v Morales*, 245 AD2d 269 [1997]). However, the Supreme Court erred in determining that pursuant to CPLR 3211 (a) (1) and (7) the defendants Lynn Adair Kramer and Kramer & Rabinowitz, LLC (hereinafter together the Kramer defendants), were entitled to dismissal of so much of the complaint as sought to recover damages for legal malpractice against them. The papers submitted by the Kramer defendants did not conclusively refute the material facts alleged in the complaint relating to claims of legal malpractice against them (*see Guggenheimer v Ginzburg*, 43 NY2d at 274-275; *Steve Elliot, LLC v Teplitsky*, 59 AD3d at 523), nor did their documentary evidence conclusively establish that the plaintiff lacks a viable claim of legal malpractice against them (*see* CPLR 3211 [a] [1]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Covello, Angiolillo and Leventhal, JJ., concur. [*See* 2007 NY Slip Op 34008(U).]