■ CS Empire Realty, LLC, Respondent, v Delwar Hussain et al., Appellants, et al., Defendant. [52 NYS3d 664]—

In an action, inter alia, to recover a real estate broker's commission, the defendants Delwar Hussain and Delco Properties, LLC, appeal from an order of the Supreme Court, Queens County (D. Hart, J.), entered February 3, 2016, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover a real estate broker's commission.

Ordered that the order is affirmed, with costs.

On June 5, 2013, the plaintiff (hereinafter the broker) entered into a commission agreement with the defendants Delwar Hussain and Delco Properties, LLC (hereinafter together the sellers), to sell premises located in Jackson Heights, Queens. The commission agreement provided that a $320,000 commission was due and payable to the broker "upon consumption [sic] of the transaction at closing."

Less than three weeks later, on June 20, 2013, the sellers entered into a contract of sale for the premises, which identified the broker as the sole broker for the sale. The agreed-upon closing date was December 30, 2013. However, by early 2015, there had been no closing.

On March 5, 2015, the broker was advised by the sellers' attorney that the sale would likely be cancelled pursuant to an agreement between the sellers and the original buyer. The broker alleges that the reason for the cancellation was that the sellers found new buyers willing to pay a higher purchase price for the premises.

In a settlement agreement dated March 10, 2015, the sellers and the original buyer agreed to cancel the contract and that the sellers would pay a $2 million cancellation fee to the original buyer. Thereafter, the broker demanded payment of its commission, but the sellers refused to pay.

The broker commenced this action, inter alia, to recover a real estate broker's commission pursuant to the commission agreement. The sellers moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover a real estate broker's commission. In support of the motion, they submitted the commission agreement, the contract of sale, and the settlement agreement cancelling the contract of sale. The Supreme Court denied the motion. The sellers appeal.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as

alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). While a court is "permitted to consider evidentiary material submitted by a defendant in support of a motion to dismiss pursuant to CPLR 3211 (a) (7)" (*Sokol v Leader*, 74 AD3d 1180, 1181 [2010]), "where the motion is not converted to one for summary judgment, 'the criterion is whether the [plaintiff] has a cause of action, not whether [it] has stated one, and, unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate' " (*Weill v East Sunset Park Realty, LLC*, 101 AD3d 859, 859-860 [2012], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). A motion to dismiss pursuant to CPLR 3211 (a) (1) may appropriately be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Siracusa v Sager*, 105 AD3d 937, 938 [2013]).

"Unless the parties have agreed otherwise, a real estate broker will be deemed to have earned his commission when he produces a purchaser who is not only ready and willing to purchase at the terms set by the seller, but able to do so as well" (*Rusciano Realty Servs. v Griffler*, 62 NY2d 696, 697 [1984]; *see Island Assoc. Real Estate, Inc. v Doukas*, 130 AD3d 684, 685-686 [2015]; *see also Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d 828, 830 [1987]). However, " 'parties to a brokerage agreement are free to add whatever conditions they may wish to their agreement, including a condition that the contract of sale actually be consummated before the broker is deemed to have earned his commission' " (*Feinberg Bros. Agency v Berted Realty Co.*, 70 NY2d at 830, quoting *Levy v Lacey*, 22 NY2d 271, 274 [1968]). "[W]here the broker and seller expressly provide that there shall be no right to a commission unless some [additional] condition is fulfilled, and the condition is not performed, the seller will nevertheless be liable if he is responsible for the failure to perform the condition" (*Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 43 [1971]; *see Levy v Lacey*, 22 NY2d at 276; *Dagar Group, Ltd. v South Hills Mall, LLC*, 12 AD3d 552, 554-555 [2004]).

Here, the Supreme Court properly concluded that, even considering the documentary submissions of the sellers, the broker has a cause of action to recover a broker's commission on the ground that the sellers wrongfully or arbitrarily prevented the completion of the deal (*see Heelan Realty & Dev.*

*Corp. v Skyview Meadows Dev. Corp.*, 204 AD2d 601, 603 [1994]; *cf. R.L. Friedland Realty v Modern Cabinets Corp.*, 194 AD2d 657, 658 [1993]; *Stutzmann Realty v Petralia*, 160 AD2d 994, 995-996 [1990]; *see generally* CPLR 3211 [a] [7]). Moreover, contrary to the sellers' contention, the documentary evidence submitted in support of their motion did not utterly refute these allegations and thereby conclusively establish a defense as a matter of law (*see generally* CPLR 3211 [a] [1]).

Accordingly, the Supreme Court properly denied the sellers' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the cause of action to recover a real estate broker's commission. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.