[979 NE2d 1178, 955 NYS2d 851]

Douglas Elliman LLC, Doing Business as Prudential Douglas Elliman Real Estate, Respondent, v Franklin Tretter et al., Appellants.

Argued October 9, 2012; decided November 19, 2012

### APPEARANCES OF COUNSEL

*Gallet Dreyer & Berkey, LLP*, New York City (*Randy J. Heller* of counsel), for appellants.

*Cole Hansen Chester LLP*, New York City (*Michael S. Cole* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs, and the certified question not answered upon the ground it is unnecessary.

In July 2008, Franklin and Sheila Tretter (collectively, the sellers) retained Prudential Douglas Elliman Real Estate to sell their cooperative apartment at 785 Park Avenue in Manhattan. Barbara Lockwood served as the broker for the exclusive listing. The brokerage agreement contained an asking price of $1.65 million and provided that the sellers would pay Douglas Elliman a 6% commission from the proceeds of the sale. Lockwood arranged for a photo shoot and preparation of a floor plan, and began to show the apartment at open houses and by appointment. In November 2008, a bidder made an oral offer of $1.5 million, which was acceptable to the sellers.

Meanwhile, Lockwood met Taurie Zeitzer at an open house in the sellers' apartment. Throughout November, while the initial bidder was providing information necessary to secure the cooperative board's approval, Lockwood communicated with Zeitzer and her husband (collectively, the buyers) via email, offering to show them additional apartments, including another apartment at 785 Park Avenue. Lockwood showed the buyers five other properties; one was listed with Douglas Elliman, the other four were listed with other agencies. Lockwood also discussed 12 additional apartments with Zeitzer.

The sellers' deal with the initial bidder fell through later in November. Within a week afterwards, Lockwood again showed the sellers' apartment to the buyers. Thereafter, the buyers made an offer of $1.4 million for the apartment—i.e., $100,000 less than the initial bidder's offer. In December 2008, Lockwood sent the sellers the deal sheet, which listed a $70,000 brokerage

commission (5% of $1.4 million), and Douglas Elliman thereafter confirmed in writing its agreement to reduce its commission from 6% to 5% if the sellers sold their apartment to the buyers. The agreement further stated that the 5% commission would be due and payable at closing.

In December 2008, the sellers entered into a contract with the buyers to sell their apartment to them for $1.4 million. The contract listed "Prudential Douglas Elliman (Barbara Lockwood)" as the broker, provided a purchase price of $1.4 million, and stated that the sellers were solely responsible for the broker's commission. In February 2009, Douglas Elliman sent a letter to the buyers' attorney, asking that the commission either be paid to it or held in escrow pending the resolution of any dispute with the sellers. The closing took place in March 2009; Lockwood did not attend. The buyers paid $1.4 million, $70,000 of which was held in escrow.

In April 2009, Douglas Elliman commenced this action against the sellers to recover its $70,000 commission. In their answer, the sellers asserted that Douglas Elliman was not entitled to a commission because Lockwood breached her fiduciary duties to them by acting as a dual agent to the buyers. The sellers moved for summary judgment to dismiss the complaint; they submitted affidavits by the sellers and email exchanges between Lockwood and Zeitzer regarding listings for other apartments. Douglas Elliman cross-moved for summary judgment on its claim for a commission and, in support of its motion, relied on the parties' brokerage agreement; the executed contract for sale of the sellers' apartment; Douglas Elliman's agreement with the sellers to reduce its commission after the initial offer collapsed; and deposition testimony and an affidavit detailing relevant facts.

Supreme Court denied both motions, concluding that there were triable issues of fact as to whether Lockwood was "acting in a dual agency relationship as agent for both . . . sellers and . . . Zeitzer." Both parties appealed. The Appellate Division, with one Justice dissenting, modified the order by granting Douglas Elliman's cross motion for summary judgment to recover its commission, and otherwise affirmed (84 AD3d 446 [1st Dept 2011]). The Court concluded that the evidence demonstrated "as a matter of law that Ms. Lockwood did not act as a dual agent" with the concomitant "duty to disclose her divided loyalties and obtain the parties' consent thereto" (*id.* at 448-449) because

"Ms. Lockwood had a signed exclusive agency agreement with the [sellers]. She had no similar agreement with [the buyers], and she received no remuneration from them. Ms. Lockwood's actions indicate that she wanted this transaction to close, and Douglas Elliman's submissions support the conclusion that she ultimately obtained permission to reduce her own commission to bring the parties to an agreement. The negotiated contract was signed by both [parties], it listed Ms. Lockwood as the agent, and it explicitly stated that the sellers were exclusively responsible for her fee" (*id.* at 449).

The Court observed that, "absent an agreement with the [sellers] to the contrary, Ms. Lockwood owed them no duty to refrain from" showing the buyers "a number of other apartments" without the sellers' permission or knowledge (*id.*, citing *Sonnenschein v Douglas Elliman-Gibbons & Ives*, 96 NY2d 369, 375-376 [2001]). Further,

"[i]t is uncontested that Lockwood found buyers who were ready, willing and able to purchase their apartment, who were capable of doing so (with the assistance of a guarantor), and whose offer matured into a signed contract, cooperative board approval, and a closing transferring ownership of the apartment to them. Thus, Douglas Elliman is entitled to the reduced 5% commission negotiated by the parties to this transaction in a letter agreement as a matter of law" (*id.* at 450).

The dissenting Justice agreed with Supreme Court that triable issues of fact existed as to whether Lockwood was a dual agent (*id.* at 451 [Manzanet-Daniels, J., dissenting]). The sellers moved for reargument or for leave to appeal. The same panel denied the motion for reargument, granted the motion for leave to appeal and certified the following question: "Was the order of this Court, which modified the order of the Supreme Court, properly made?"* We now affirm.

The parties here did not—although free to do so—"specifically agree" that Douglas Elliman was required to "decline a prospective purchaser's request to see another property" (*Sonnenschein*, 96 NY2d at 376). As a result, Lockwood had "no duty to refrain" from offering other properties to the buyers

---

* Douglas Elliman's cross motion for summary judgment encompassed both liability and damages. Thus, the Appellate Division's order granting that motion is final, and certification was unnecessary.

(*id.* at 375). A contrary holding would "unreasonably restrain" brokers from cultivating potential clients at open houses for their principals (*id.* at 376). The sellers would limit *Sonnenschein* to its facts—i.e., they argue that because the parties here entered into an "exclusive seller's agreement," which was not the case in *Sonnenschein*, Lockwood was not permitted to show the buyers any other apartments, or, alternatively, was only allowed to show them other properties listed for sale by Douglas Elliman, not other brokers. But such a narrow interpretation runs counter to the thrust of the decision, which sought to formulate a rule "consistent with the nature and fundamental requirements of the real estate marketplace in New York" (*id.*; *see also Rivkin v Century 21 Teran Realty LLC*, 10 NY3d 344, 356-357 [2008] [recognizing the importance of "practical considerations" when adopting rules governing relationships between buyers and their real estate agents]).

In sum, Douglas Elliman has established its entitlement to the commission as a matter of law. The statements and conduct cited by the sellers do not raise a material issue of fact as to whether Lockwood was acting as a dual agent in the transaction. Finally, we have reviewed the sellers' claim that Douglas Elliman and Lockwood breached an implied covenant of good faith and fair dealing, which we consider to be without merit.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and PIGOTT concur in memorandum.

Order affirmed, etc.