P. Zaccaro, Co., Inc. v DHA Capital, LLC (2018 NY Slip Op 00458)





P. Zaccaro, Co., Inc. v DHA Capital, LLC


2018 NY Slip Op 00458


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Acosta, P.J., Renwick, Kapnick, Kahn, Kern, JJ.


5537 652141/15

[*1]P. Zaccaro, Co., Inc., et al., Plaintiffs-Appellants,
v
DHA Capital, LLC, et al., Defendants, Ding K. Wai also known as John Wai, et al., Defendants-Respondents.


Kishner & Miller, New York (Scott M. Himes of counsel), for appellants.
Soong & Liu, New York (Arthur J. Soong of counsel), for respondents.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered April 5, 2017, which, to the extent appealed from as limited by the briefs, granted the cross motion of defendants Ding K. Wai a/k/a John Wai and Sentry Operating Corp. (together, the seller) to dismiss the amended complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, with costs.
Plaintiff P. Zaccaro, Co., Inc., a real estate broker for the seller, seeks a commission for the sale of a certain parcel of property. The motion court correctly dismissed the amended complaint, as Zaccaro also acted as a broker for the buyer of the property (former defendant DHA Capital, LLC), and therefore engaged in an impermissible dual agency without full disclosure (see Douglas Elliman LLC v Tretter, 84 AD3d 446, 448 [1st Dept 2011], affd 20 NY3d 875 [2012]).
Plaintiffs' argument that Zaccaro was merely a finder instead of a real estate broker is unavailing. The amended complaint, which was verified by Zaccaro's president, alleges that plaintiffs were DHA's real estate brokers. This statement constitutes a formal judicial admission (Bogoni v Friedlander, 197 AD2d 281, 291 [1st Dept 1994], lv denied 84 NY2d 803 [1994]).
Furthermore, a finder has no obligation to negotiate the real estate transaction in order to obtain its fee (Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 163 [1993]). Here, the amended complaint indicates that plaintiffs were obligated to negotiate the sale of the premises. In particular, the amended complaint alleges that DHA authorized plaintiffs "to act as the licensed real estate brokers along with [defendant] Nest Seekers to the extent needed and/or requested to assist in the negotiation of terms relating to the [sale] of the Premises between DHA and the Seller" (emphasis added). It also alleges that "DHA and/or the Seller would pay to each of the Plaintiffs and to Nest Seekers a Commission . . . in consideration for the Plaintiffs and Nest Seekers assisting DHA in the negotiation of the terms relating to the Sale of the Premises" (emphasis added).
Plaintiffs' contention that the seller was not injured by Zaccaro's dual agency is unavailing. Where, as here, the duty of undivided loyalty is breached, plaintiff broker forfeits its right to a commission, "regardless of whether damages were incurred" (Douglas Elliman LLC v Tretter, 84 AD3d 446, 448 [1st Dept 2011], affd 20 NY3d 875 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK