■ MICHAEL J. SACCA, Doing Business as SACCA ASSOCIATES INTERNATIONAL REAL ESTATE, et al., Appellants, v SYMBOL TECHNOLOGIES, INC., et al., Respondents. [696 NYS2d 216] —In an action, *inter alia,* to recover a broker's commission, the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated July 1, 1998, which granted the motion of the defendant Symbol Technologies, Inc., for summary judgment dismissing the second and fourth causes of action insofar as asserted against it, and (2) an order of the same court, dated September 4, 1998, which, *inter alia,* granted the motion of the defendants Paumonock Development Corporation and Northrop Grumman Corp. for summary judgment dismissing the first, third, and fifth causes of action insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiffs' contention, the defendants established their entitlement to judgment as a matter of law by demonstrating that the plaintiff Michael J. Sacca, d/b/a Sacca Associates International Real Estate, a real estate broker seeking a commission arising out of a real estate transaction, was not the "procuring cause" of the transaction, an essential component of an action to recover a broker's commission (*see, Lanstar Intl. Realty v New York News,* 206 AD2d 411; *Mollyann, Inc. v Demetriades,* 206 AD2d 415). The plaintiffs did not raise triable issues of fact as to the defendants' bad faith (*see, Hill Realty Servs. v Cummings,* 244 AD2d 525).

We reject the defendants' contention that the plaintiffs' conduct in bringing these appeals was frivolous and that sanctions should be assessed against the plaintiffs (*see,* 22 NYCRR 130-1.1).

The plaintiffs' remaining contentions are without merit. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.