■ HENTZE-DOR REAL ESTATE, INC., Appellant, v ALAN D'ALLESSIO et al., Respondents. [836 NYS2d 265]—

In an action, inter alia, to recover a real estate brokerage commission, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated September 27, 2005, as granted that branch of the motion of the defendant Alan D'Allessio which was for summary judgment dismissing the complaint insofar as asserted against him, granted the separate motion of the defendants Beauty Plus Trading Co., Inc., US Hair & Beauty, Inc., Chang Moo Lee, Hong Moo Lee, Chris & Johnny, Inc., and Chris Mark Corp. for summary judgment dismissing the complaint insofar as asserted against them, and, in effect, granted that branch of the separate motion of the defendants Alan D'Allessio and Econ Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Econ Development Corp.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants Beauty Plus Trading Co., Inc., US Hair & Beauty, Inc., Chang Moo Lee, Hong Moo Lee, Chris & Johnny, Inc., and Chris Mark Corp. for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying that motion, and (2) by deleting the provision thereof, in effect, granting that branch of the motion of the defendants Alan D'Allessio and Econ Development Corp. which was for summary judgment dismissing the complaint insofar as asserted against the defendant Econ Development Corp. and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendants Beauty Plus Trading Co., Inc., US Hair & Beauty, Inc., Chang Moo Lee, Hong Moo Lee, Chris & Johnny, Inc., Chris Mark Corp., and Econ Development Corp., appearing separately and filing separate briefs, and one bill of costs to the defendant Alan D'Allessio payable by the plaintiff.

The defendant Econ Development Corp. (hereinafter Econ), of which the defendant Alan D'Allessio was a shareholder and president, was the owner of the subject commercial property (hereinafter the premises). In May 2003 Econ entered into a contract for the sale of the premises with a particular buyer, which was contingent on the buyer obtaining financing for the purchase by January 1, 2004. Before that deadline arrived, D'Allessio informed Joshua Kleinberg, who was an agent for the plaintiff real estate brokerage firm, that the deal might fall through, and that if it did, he wanted to market the premises through the plaintiff.

However, D'Allessio did not sign any exclusive listing agreement with the plaintiff. When the deal fell through, he listed the premises with both the plaintiff and Pilling Real Estate (hereinafter Pilling).

In the spring of 2003 the defendant Hong Moo Lee, who owned the defendant US Hair & Beauty, Inc. (hereinafter US Hair), and who was the brother of the defendant Chang Moo Lee, authorized Lisa Adamo, who worked for US Hair, to look for a commercial property. According to the Lees, they intended that Chang Moo Lee would buy a commercial property, and lease it to US Hair.

Adamo contacted the plaintiff and its agents then showed her the premises. She visited the premises a few times, took photographs of the premises, and made offers to purchase the premises.

In February 2004 one of Pilling's agents showed the premises to Chang Moo Lee. Shortly thereafter, Chang Moo Lee made an offer to purchase the premises. Approximately one day later, Econ accepted that offer. Chang Moo Lee then caused the defendant Chris Mark Corp., which was a real estate holding corporation that he owned, to buy the premises from Econ.

Subsequently, the plaintiff commenced the instant action against the defendants, seeking to recover, inter alia, a real estate brokerage commission for the sale of the premises. The defendants then separately moved for summary judgment dismissing, inter alia, the complaint insofar as asserted against them, and their motions were all granted. This appeal ensued.

A real estate broker is entitled to recover a commission upon establishing that it "(1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale" (*Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582, 583 [2005]). Here, on their separate motions, the defendants met their respective burdens of demonstrating their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by providing evidence establishing that the plaintiff was not the procuring cause of the sale. However, in opposition, the plaintiff raised a triable issue of fact as to whether it was indeed the procuring cause of the sale.

"It has long been recognized that a broker, save when [it] enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because [it] initially called the property to the attention of the ultimate purchaser" (*Greene v Hellman*, 51

NY2d 197, 205-206 [1980]). Indeed, "there must be a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*id.* at 206).

However, in order to qualify for a commission, a broker need not have been involved in the ensuing negotiations or in the completion of the sale (*see Buck v Cimino*, 243 AD2d 681, 684 [1997]). Where, as here, "the broker is not involved in the negotiations leading up to the completion of the deal, the broker must establish that [it] created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the sale" (*Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554, 555 [2002]; *see Friedland Realty v Piazza*, 273 AD2d 351 [2000]; *Buck v Cimino, supra* at 684).

Here, the plaintiff provided evidence showing that an issue of fact existed as to whether it "created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the sale" (*Dagar Group v Hannaford Bros. Co., supra* at 555; *see Brown, Harris, Stevens v Rosenberg*, 156 AD2d 249, 250 [1989]). In this regard, the plaintiff pointed to evidence showing that Adamo was authorized to look for and negotiate the purchase of properties not only for Hong Moo Lee, but also for Chang Moo Lee, who was Hong Moo Lee's brother, and who entered into a contract for the sale of the premises a very short time after Pilling showed him the premises.

However, no issue of fact exists as to D'Allessio's liability for any commission to which the plaintiff might be entitled. Contrary to the plaintiff's contention, under the circumstances presented here, D'Allessio is not personally liable for any commission that Econ might be obligated to pay (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140 [1993]). Furthermore, there is no indication that D'Allessio ever personally employed the plaintiff to market the premises (*cf. Kalmon Dolgin Affiliates v Estate of Nutman*, 172 AD2d 917, 918 [1991]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.