RUDOLPH P. MARCIANO, Doing Business as MARCIANO REALTY, Appellant, v RAN OIL COMPANY EAST, LLC, Respondent. [882 NYS2d 452]—

In an action to recover a real estate broker's commission, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Loehr, J.), entered May 21, 2008, as, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

In this action to recover a real estate broker's commission with respect to the leasing of certain commercial property, the plaintiff moved for summary judgment on the complaint and dismissing the counterclaims and the defendant cross-moved for leave to amend its answer. The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint, denied the defendant's cross motion for leave to amend the answer, granted those branches of the

plaintiff's motion which were for summary judgment dismissing the second, third, and fourth counterclaims, and, upon searching the record, awarded summary judgment to the defendant dismissing the complaint.

The Supreme Court has the authority, pursuant to CPLR 3212 (b), to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (*see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]; *Federal Natl. Mtge. Assn. v Katz*, 33 AD3d 755, 756 [2006]; *Murray v Murray*, 28 AD3d 624 [2006]; *Goldstein v County of Suffolk*, 300 AD2d 441, 442 [2002]). Contrary to the Supreme Court's conclusion, however, the record here does not establish that the defendant is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

"A real estate broker is entitled to recover a commission upon establishing that he or she (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale" (*Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582, 583 [2005]; *see Greene v Hellman*, 51 NY2d 197, 206 [1980]; *Friedland Realty v Piazza*, 273 AD2d 351 [2000]). There is no dispute that the plaintiff is a licensed broker or that he had a contract with the defendant. The affidavit of the defendant's principal demonstrates that the plaintiff introduced the defendant to the potential lessor and was involved in the transaction for several months while the attorneys for those parties attempted, unsuccessfully, to negotiate lease terms. The transaction was resurrected six months later, however, when the potential lessor agreed to certain terms insisted upon by the defendant that were rejected in the earlier negotiations. Since the potential lessor returned to the negotiations on terms that had been part of the earlier negotiations and ultimately executed a lease, there is an issue of fact as to whether the plaintiff was the procuring cause of the transaction. Summary judgment in favor of the defendant, therefore, should not have been awarded (*see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813 [2007]; *Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554 [2002]).

The plaintiff's argument that the Supreme Court should have granted those branches of his motion which were for summary judgment on the issue of liability on the first, second, and third causes of action is not properly before us, as the plaintiff's notice of appeal limited the scope of the appeal to that part of the Supreme Court's order which searched the record and awarded

summary judgment in favor of the defendant dismissing the complaint (*see* CPLR 5515 [1]; *Kingsbrook Jewish Med. Ctr. v Allstate Ins. Co.*, 61 AD3d 13, 23 [2009]; *Spencer v Crothall Healthcare, Inc.*, 38 AD3d 527, 528 [2007]; *Yannotti v Four Bros. Homes at Heartland Condominium I*, 24 AD3d 659, 660-661 [2005]). Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.