■ ROLAND RACINE, Appellant, v ERWIN GRANT et al., Respondents. [882 NYS2d 908]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated June 17, 2008, as granted the defendants' cross motion pursuant to CPLR 3216 to dismiss the complaint to the extent of directing him to comply with a demand for discovery which was annexed to the cross motion papers.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion pursuant to CPLR 3216 to dismiss the complaint is denied.

The Supreme Court improvidently exercised its discretion in granting the defendants' cross motion pursuant to CPLR 3216 to dismiss the complaint to the extent of directing the plaintiff to comply with a demand for discovery which was annexed to the cross motion papers, as the demand was made more than one year after a note of issue had been filed in the action. The defendants failed to make the requisite showing that "unusual or unanticipated circumstances" had arisen after the filing of the note of issue (22 NYCRR 202.21 [d], [e]; *see Silverberg v*

*Guzman,* 61 AD3d 955 [2009]; *Utica Mut. Ins. Co. v P.M.A. Corp.,* 34 AD3d 793, 794 [2006]; *Audiovox Corp. v Benyamini,* 265 AD2d 135, 138 [2000]; *Marks v Morrison,* 275 AD2d 1027 [2000]), to justify the demanded disclosure at this late stage of the action.

The plaintiff's argument that the Supreme Court should have granted his motion to strike the defendants' answer is not properly before us, as the plaintiff's notice of appeal limited the scope of the appeal to that part of the Supreme Court's order which determined the defendants' cross motion (*see* CPLR 5515 [1]; *Marciano v Ran Oil Co. E., LLC,* 63 AD3d 1118 [2009]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.