■ INDOTRONIX INTERNATIONAL CORPORATION, Appellant, v NARESH AYYALA et al., Respondents. [888 NYS2d 170]—

In an action, inter alia, for injunctive relief and to recover damages for breach of a covenant not to compete, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated July 23, 2008 as granted those branches of the separate motions of the

defendants Naresh Ayyala and DataLinx Corporation which were for summary judgment dismissing the first, second, third, fourth, sixth and seventh causes of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendant Naresh Ayyala worked for the plaintiff Indotronix International Corporation (hereinafter Indotronix) for approximately 10 years, placing information technology consultants at companies within several different industries, including the telecommunications industry. When he was hired for the position, Ayyala signed a nondisclosure and noncompetition agreement (hereinafter the noncompete agreement), which prohibited, among other things, employment or partnership with any vendors, clients, or agents of Indotronix with whom he came into contact during the course of his employment with Indotronix for a period of one year from the date of termination of employment. Ayyala resigned from his position with Indotronix and began working for the defendant DataLinx Corporation (hereinafter DataLinx), which also placed information technology consultants at companies within the telecommunications industry. Indotronix commenced the instant action against Ayyala and DataLinx (hereinafter together the defendants) seeking, inter alia, injunctive relief and monetary damages for breach of the noncompete agreement and breach of a duty of loyalty.

The defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing Indotronix's causes of action alleging breach of contract, misappropriation of confidential information, and unjust enrichment. The defendants submitted evidence demonstrating that Ayyala did not disclose any confidential or proprietary information belonging to Indotronix (*see Natural Organics, Inc. v Kirkendall,* 52 AD3d 488 [2008]; *Buhler v Maloney Consulting,* 299 AD2d 190 [2002]; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27 [1988]; *Catalogue Serv. of Westchester v Henry,* 107 AD2d 783, 784 [1985]; *Anchor Alloys v Non-Ferrous Processing Corp.,* 39 AD2d 504, 507 [1972]). The unsubstantiated assertions and speculations submitted by Indotronix in opposition were insufficient to raise a triable issue of fact (*see Álvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]). Furthermore, to the extent that the noncompete agreement prohibiting Ayyala from seeking employment with any vendor, agent, or client of Indotronix was enforceable (*see BDO Seidman v Hirshberg,* 93 NY2d 382, 388-389 [1999]; *Reed, Roberts Assoc. v Strauman,* 40 NY2d 303, 307 [1976]), the defendants submitted sufficient evidence establish-

ing that Ayyala did not violate the agreement and, in opposition, Indotronix failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 325).

Furthermore, the defendants met their prima facie burden of establishing their entitlement to judgment as a matter of law dismissing Indotronix's causes of action alleging breach of a duty of loyalty, aiding and abetting in the breach of a duty of loyalty, and theft of corporate opportunities. The defendants submitted evidence establishing that Ayyala's conduct was not inconsistent with the interests of Indotronix (*see Western Elec. Co. v Brenner,* 41 NY2d 291, 295 [1977]). Furthermore, the defendants submitted evidence establishing that Ayyala did not conceal a corporate opportunity from Indotronix, or assist DataLinx in the theft of a corporate opportunity (*see Chemfab Corp. v Integrated Liner Tech.,* 263 AD2d 788, 790 [1999]; *cf. Gomez v Bicknell,* 302 AD2d 107, 112-113 [2002]). In opposition, Indotronix failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d at 325). Fisher, J.P., Covello, Dickerson and Lott, JJ., concur.