■ SUTTON & EDWARDS, INC., Respondent, v 68-60 AUSTIN STREET REALTY CORP., Also Known as 68-60 AUSTIN STREET CORP., Appellant, et al., Defendant. [895 NYS2d 174]—

In an action to recover a real estate brokerage commission, the defendant 68-60 Austin Street Realty Corp., also known as 68-60 Austin Street Corp., appeals from (1) a judgment of the Supreme Court, Nassau County (Austin, J.), dated June 19, 2008, which, upon an order of the same court entered June 17, 2008, granting that branch of the plaintiff's motion which was for summary judgment on the first cause of action insofar as asserted against it, is in favor of the plaintiff and against it in the principal sum of $132,503.69, and (2) an order of the same court entered January 12, 2009, which denied its motion for leave to renew its opposition to that branch of the plaintiff's prior motion which was for summary judgment on the first cause of action insofar as asserted against it.

Ordered that the judgment and the order entered January 12, 2009, are affirmed, with one bill of costs to the plaintiff.

" 'A real estate broker is entitled to recover a commission upon establishing that he or she (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale' " (*Marciano v Ran Oil Co. E., LLC*, 63 AD3d 1118, 1119 [2009] quoting *Stanzoni Realty Corp. v Landmark Props. of Suf-*

*folk, Ltd.*, 19 AD3d 582, 583 [2005]). In the absence of an agreement to the contrary, a broker will be deemed to have earned a commission when it produces a buyer who is ready, willing, and able to purchase upon the seller's terms (*see Rusciano Realty Servs. v Griffler*, 62 NY2d 696, 697 [1984]; *Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42 [1971]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting evidence that it procured North Shore Hospital, who was ready, willing, and able to lease the appellant's property in accordance with the appellant's terms (*see R.R. Ragette, Inc. v D'Incecco*, 17 AD3d 436, 437 [2005]; *B & H Assoc. v Buscemi*, 229 AD2d 456, 456-457 [1996]). The plaintiff presented exhaustive documentary proof of its role in identifying the subject property as suitable for the hospital's needs and in negotiating the terms of the final lease entered into by the hospital and the appellant (*see Stanzoni Realty Corp. v Landmark Prop. of Suffolk, Ltd.*, 19 AD3d at 583). In response, the appellant failed to raise a triable issue of fact. Thus, the Supreme Court properly granted the plaintiff's motion for summary judgment.

The Supreme Court also properly denied the appellant's motion for leave to renew, since it failed to offer a reasonable justification for its failure to submit the additional evidence upon which it relied with the original motion (*see Caraballo v Kim*, 63 AD3d 976, 979 [2009]; *Board of Mgrs. of Bond Parc Condominium v Broxmeyer*, 62 AD3d 925, 927-928 [2009]; *Sobin v Tylutki*, 59 AD3d 701, 702 [2009]; *Wechsler v First Unum Life Ins. Co.*, 295 AD2d 340, 342 [2002]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur. **[Prior Case History: 20 Misc 3d 1101(A), 2008 NY Slip Op 51181(U).]**