■ TALK OF THE TOWN REALTY, Appellant, v MARIO GENEVE et al., Respondents. [971 NYS2d 550]—

In an action to recover a real estate broker's commission, the plaintiff appeals from an order of the Supreme Court, Kings County (Graham, J.), dated November 18, 2011, which granted the defendants' motion for summary judgment dismissing the complaint and denied its cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendants' motion for summary judgment dismissing the complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, without costs or disbursements.

In this action to recover a real estate broker's commission, the plaintiff, a real estate brokerage firm, alleged that its broker, Simon Yermash, procured ready, willing, and able purchasers, Anna Shchiglik and Mark Kotliar (hereinafter together the purchasers). The purchasers ultimately purchased the subject property from the defendants. To prevail on its cause of action to recover a commission, the plaintiff is required to prove, inter alia, that it was "the procuring cause of the sale" (*Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp.*, 70 AD3d 810, 810 [2010] [internal quotation marks omitted]; *see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d 770, 773 [2013]; *Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 815 [2007]). "To establish that a broker was the procuring cause of a transaction, the broker must establish that there was a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (*Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d at 773 [internal quotation marks omitted]; *Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d at 816). However, "a broker . . . does not automatically and without more make out a case for commissions simply because he [or she] initially called the property to the attention of the ultimate purchaser" (*Greene v Hellman*, 51 NY2d 197, 205 [1980]).

"Where, as here, the broker is not involved in the negotiations leading up to the completion of the deal, the broker must establish that [it] created an amicable atmosphere in which negotiations proceeded or that [it] generated a chain of circumstances that proximately led to the sale" (*Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d at 816 [internal quotation marks omitted]; *see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc.*, 102 AD3d at 773; *McNeill v Menter*, 19 AD3d 1161, 1162 [2005]; *Buck v Cimino*, 243 AD2d 681, 684 [1997]).

Here, in support of their motion for summary judgment dismissing the complaint, the defendants submitted evidence which included the deposition testimony of the purchasers that they had a personal and business relationship with Yermash, who had shown them various properties in 2000 and 2001. In April 2001, Mary Nuccio Realty was the listing broker for the subject property and had placed the property on a multiple listing service at the asking price of $799,000. Yermash showed Shchiglik the subject property during a meeting which lasted 30 minutes and included a tour of the entire premises. One of the defendant sellers was present and answered Shchiglik's questions. Yermash was the only broker ever to show the property to Shchiglik. Shchiglik later expressed her interest in the property to Kotliar, who called Yermash and asked him to submit an offer of $699,000 to the defendants. According to Kotliar's testimony, Yermash said the offer was too low and that he was not going to submit it to the sellers. Thereafter, the purchasers cut all ties with Yermash. Approximately one month later, a broker from Fillmore Real Estate, Ltd. (hereinafter Fillmore) showed the property to Kotliar. After this showing, in June 2001, Kotliar informed the Fillmore broker of the previous showing by Yermash. The Fillmore broker told Kotliar that, because the previous listing had expired, the plaintiff was no longer authorized to complete the sale. The subsequent broker conveyed an offer of $715,000 from the purchasers to the defendants and a counteroffer from the defendants of $730,000; on June 9, 2001, the purchasers and the defendants signed a binder for $730,000, which was the ultimate closing price. One of the defendant sellers testified that she received no offers from other potential purchasers during the time the property was listed.

With this evidence, the defendants established, prima facie, that the plaintiff was not the procuring cause of the sale. However, in opposition, the plaintiff submitted evidence raising a triable issue of fact sufficient to defeat the defendants' motion. The plaintiff submitted a document signed by Shchiglik establishing that Yermash showed the property to her on April

5, 2001. Further, the plaintiff submitted Yermash's affidavit in which he averred that the April 2001 showing to Shchiglik lasted 30 to 60 minutes, during which she expressed immediate interest as evidenced by the length of the showing, Shchiglik taking measurements in different rooms, and the number of questions Shchiglik asked the seller. Yermash further averred that he did submit the offer of $699,000 to the defendants, that offer was rejected, and thereafter, his phone calls to the purchasers were not returned despite their previous business and personal relationship. Further, the plaintiff raised a triable issue of fact as to whether the defendants improperly denied the plaintiff a commission by submitting evidence that the defendants were aware of Yermash's involvement yet, over the purchasers' objection, they refused to sign the sale contract unless it contained a clause warranting that Fillmore was the only broker and that the purchasers agreed to indemnify them in the event of breach of the warranty.

On the record presented, we do not agree with our dissenting colleague that the evidence conclusively establishes that the plaintiff's only involvement was a single showing which resulted in obtaining an offer substantially less than the asking price and the ultimate sale price. It is undisputed that Yermash, the plaintiff's broker, was the first to show the premises to one of the purchasers on April 5, 2001, and only two months later, on June 9, 2001, the purchasers signed a binder for the sale price of $730,000. The purchasers conceded that they submitted an offer of $699,000 through Yermash shortly after the April 2001 showing. There is a triable issue of fact as to whether this was a credible offer within the negotiable range in light of the ultimate sale price of $730,000. A triable issue also is raised as to whether Yermash not only obtained this offer but also submitted it to the sellers at a time when the property was placed on a multiple listing service. The record does not clearly reveal the circumstances surrounding the purchasers' refusal to continue dealing with Yermash despite their previous business and personal relationship when, shortly thereafter, they continued the transaction with the aid of another broker. Disputed fact issues exist as to whether the purchasers rebuffed Yermash's subsequent attempts to continue the negotiations, and whether the defendants improperly warranted that the broker from Fillmore was the only broker involved in the sale.

Thus, the plaintiff raised a triable issue of fact as to whether it generated a chain of circumstances that proximately led to the sale (*see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d at 816; *McNeill v Menter*, 19 AD3d at 1162; *Buck v Cimino*, 243

AD3d at 684-685; *Dagar Group v Hannaford Bros. Co.*, 295 AD2d 554, 555 [2002]; *cf. Mollyann, Inc. v Demetriades*, 206 AD2d 415, 416 [1994] [plaintiff broker was not a direct and proximate link to the sale where the sellers ultimately "negotiated an entirely different deal with the purchasers through a different broker"]). In light of this triable issue of fact, the Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability, but should have also denied the defendants' motion for summary judgment dismissing the complaint (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Skelos, J.P., Angiolillo, Chambers, JJ., concur.

Hinds-Radix, J., concurs in part and dissents in part, and votes to affirm the order appealed from, with the following memorandum: In its complaint, the plaintiff alleged that the defendant sellers of residential real property entered into an agreement with Fillmore Real Estate, Ltd. (hereinafter Fillmore), to act as their agent to sell the property, and to place the property with a multiple listing service. The complaint further alleged that on February 28, 2001, the property was placed with a multiple listing service at an asking price of $799,000. According to the plaintiff, the multiple listing agreement expired on May 30, 2001.

The complaint alleges that on April 5, 2001, the plaintiff showed the property to the purchasers of the property. The plaintiff's bill of particulars noted that the plaintiffs' representative who showed the property to the purchasers was Simon Yermash. The plaintiffs asserted that Yermash submitted an offer from the purchasers to the defendant sellers. In July 2001, the purchasers, negotiating through Fillmore, agreed with the sellers on a purchase price of $730,000, and the sale closed on October 12, 2001.

The defendant sellers, in their affidavit in support of their motion for summary judgment, stated that they never dealt with the plaintiff or Yermash in any capacity. Mark Kotliar and Anna Shchiglik (hereinafter together the purchasers) are not parties to this action. However, in support of the defendants' motion, the purchasers submitted affidavits acknowledging that Yermash showed Shchiglik the property, the purchasers made an offer substantially less than the asking price, and the purchasers then had no further contact with Yermash.

Kotliar testified at his deposition that he was a tax accountant, and Yermash was his client. Kotliar subsequently became Yermash's client, and Yermash showed Kotliar and Shchiglik several houses. According to Kotliar, they offered $699,000 for

the property, Yermash refused to relay the offer to the sellers because it was too low, and the purchasers cut off all further contact with him.

Yermash, in opposition to the defendants' motion for summary judgment, and in support of the plaintiff's cross motion for summary judgment, submitted a document signed by himself and Shchiglik, stating he and the plaintiff were the purchasers' implied licensed agents. Yermash claimed that he relayed the purchasers' offer of $699,000 to the defendants, and they rejected it. Thereafter, the purchasers ceased all communication with him and did not return his telephone calls.

"A real estate broker is entitled to recover a commission upon establishing that it '(1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, *and* (3) was the procuring cause of the sale' " (*Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 815 [2007], quoting from *Stanzoni Realty Corp. v Landmark Props. of Suffolk, Ltd.*, 19 AD3d 582, 583 [2005] [emphasis supplied]). In this case, it was undisputed that the plaintiff was duly licensed. Although the evidence in the record indicated that the plaintiff was an agent of the purchasers, that did not preclude the plaintiff from claiming that it was acting as a dual agent of both the purchasers and the sellers (*see generally Douglas Elliman LLC v Tretter*, 20 NY3d 875 [2012]).

The majority agrees that the Supreme Court did not err in denying the plaintiff's cross motion for summary judgment, as the plaintiff failed to establish that it produced a buyer who was ready, willing, and able to purchase at terms set by the defendant sellers (*see e.g. Lane—Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d 36, 42 [1971]; *Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp.*, 70 AD3d 810, 811 [2010]; *New Spectrum Realty Servs. v Weiser*, 273 AD2d 172 [2000]).

Moreover, as acknowledged by the majority, the defendants established as a matter of law that the plaintiff was not the procuring cause of the sale. The law is that "a broker, save when [it] enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because [it] initially called the property to the attention of the ultimate purchaser" (*Greene v Hellman*, 51 NY2d 197, 205 [1980]). Where, as here, the broker is not involved in the negotiations leading up to the completion of the transaction, the broker must establish that it created an amicable atmosphere in which negotiations proceeded, or that it generated a chain of circumstances that proximately led to the sale (*see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co.*,

*Inc.*, 102 AD3d 770, 772 [2013]; *Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 816 [2007]).

The defendants established as a matter of law that that test was not met. Although the plaintiff called the purchasers' attention to the property, the evidence established that that was all it did. It did not create an amicable atmosphere for negotiations, which were engaged in by another broker. All the plaintiff did was show the purchasers the property, and obtain an offer substantially less than the asking price and ultimate selling price. At best, this indicated that the plaintiff had an indirect and remote link to the sale (*see Greene v Hellman*, 51 NY2d at 205-206), the terms of which were negotiated by another broker (*see Mollyann, Inc. v Demetriades*, 206 AD2d 415, 416 [1994]; *see also Sacca v Symbol Tech.*, 265 AD2d 309 [1999]).

I do not agree with the majority that the plaintiff raised a triable issue of fact on that issue. On this point, it is undisputed that the purchasers refused to continue to deal with the plaintiff; the majority cites to the fact that the record does not reveal the circumstances surrounding that refusal. However, the absence of evidence does not raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), especially where, as here, the defendant sellers were not in a position to know the circumstances surrounding the refusal of the purchasers to deal with the plaintiff, who was their agent.

Nor does the fact that the contract of sale included a provision stating that the broker, seller, and purchasers warranted that they only dealt with Fillmore in connection with the sale and the purchasers agreed to indemnify the seller for any breach of that warranty, raise a triable issue of fact as to whether another broker was involved. That provision was part of the form residential contract of sale, and the sellers' attorney was justified in refusing to delete that provision at the request of the purchasers' attorney. The fact that the purchasers may have been concerned that they owed a commission to the plaintiff, who was undisputably their agent, and showed them several pieces of property, was insufficient to impose liability upon the defendant sellers. In concluding that the defendant sellers are not entitled to summary judgment, the majority relies upon speculation and conclusory assertions which are insufficient to defeat a motion for summary judgment (*see Indotronix Intl. Corp. v Ayyala*, 67 AD3d 643, 644 [2009]).

Moreover, the majority's characterization of the purported offer conveyed by the plaintiff of $699,000 as a "credible offer within the negotiable range" is not supported by any legal authority or testimony in the record, and injects a subjective el-

ement into the question of whether a broker fulfilled his or her obligation to procure a purchaser ready, willing, and able to buy the subject property on terms set by the seller (*see e.g. Lane— Real Estate Dept. Store v Lawlet Corp.*, 28 NY2d at 42; *Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp.*, 70 AD3d at 811; *New Spectrum Realty Servs. v Weiser*, 273 AD2d at 172). The cases cited by the plaintiff on this point deal with the question of whether a licensed salesperson in the employ of the broker is entitled to share in a commission with the broker (*see Parisi v Swift*, 121 Misc 2d 787 [Civ Ct, Kings County 1983], *affd* 128 Misc 2d 388 [1985]; *Greendlinger v Marilyn A. Donahue Real Estate, Inc.*, 4 Misc 3d 1016[A], 2004 NY Slip Op 50913[U] [Civ Ct, Kings County 2004]), which has no application to the instant case. It is clear from the record that that offer was not acceptable to the sellers.

Accordingly, I vote to affirm the order appealed from, which granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.