Hinds-Radix, J.,
concurs in part and dissents in part, and votes to affirm the order appealed from, with the following memorandum: In its complaint, the plaintiff alleged that the defendant sellers of residential real property entered into an agreement with Fillmore Real Estate, Ltd. (hereinafter Fillmore), to act as their agent to sell the property, and to place the property with a multiple listing service. The complaint further alleged that on February 28, 2001, the property was placed with a multiple listing service at an asking price of $799,000. According to the plaintiff, the multiple listing agreement expired on May 30, 2001.
The complaint alleges that on April 5, 2001, the plaintiff showed the property to the purchasers of the property. The plaintiff’s bill of particulars noted that the plaintiffs’ representative who showed the property to the purchasers was Simon Yermash. The plaintiffs asserted that Yermash submitted an offer from the purchasers to the defendant sellers. In July 2001, the purchasers, negotiating through Fillmore, agreed with the sellers on a purchase price of $730,000, and the sale closed on October 12, 2001.
The defendant sellers, in their affidavit in support of their motion for summary judgment, stated that they never dealt with the plaintiff or Yermash in any capacity. Mark Kotliar and Anna Shchiglik (hereinafter together the purchasers) are not parties to this action. However, in support of the defendants’ motion, the purchasers submitted affidavits acknowledging that Yermash showed Shchiglik the property, the purchasers made an offer substantially less than the asking price, and the purchasers then had no further contact with Yermash.
Kotliar testified at his deposition that he was a tax accountant, and Yermash was his client. Kotliar subsequently became Yermash’s client, and Yermash showed Kotliar and Shchiglik several houses. According to Kotliar, they offered $699,000 for *985 the property, Yermash refused to relay the offer to the sellers because it was too low, and the purchasers cut off all further contact with him.
Yermash, in opposition to the defendants’ motion for summary judgment, and in support of the plaintiffs cross motion for summary judgment, submitted a document signed by himself and Shchiglik, stating he and the plaintiff were the purchasers’ implied licensed agents. Yermash claimed that he relayed the purchasers’ offer of $699,000 to the defendants, and they rejected it. Thereafter, the purchasers ceased all communication with him and did not return his telephone calls.
“A real estate broker is entitled to recover a commission upon establishing that it ‘(1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the sale’ ” (Hentze-Dor Real Estate, Inc. v D’Allessio, 40 AD3d 813, 815 [2007], quoting from Stanzoni Realty Corp. v Landmark Props, of Suffolk, Ltd., 19 AD3d 582, 583 [2005] [emphasis supplied]). In this case, it was undisputed that the plaintiff was duly licensed. Although the evidence in the record indicated that the plaintiff was an agent of the purchasers, that did not preclude the plaintiff from claiming that it was acting as a dual agent of both the purchasers and the sellers (see generally Douglas Elliman LLC v Tretter, 20 NY3d 875 [2012]).
The majority agrees that the Supreme Court did not err in denying the plaintiffs cross motion for summary judgment, as the plaintiff failed to establish that it produced a buyer who was ready, willing, and able to purchase at terms set by the defendant sellers (see e.g. Lane — Real Estate Dept. Store v Lawlet Corp., 28 NY2d 36, 42 [1971]; Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp., 70 AD3d 810, 811 [2010]; New Spectrum Realty Servs. v Weiser, 273 AD2d 172 [2000]).
Moreover, as acknowledged by the majority, the defendants established as a matter of law that the plaintiff was not the procuring cause of the sale. The law is that “a broker, save when [it] enjoys the benefit of a special agreement to the contrary, does not automatically and without more make out a case for commissions simply because [it] initially called the property to the attention of the ultimate purchaser” (Greene v Hellman, 51 NY2d 197, 205 [1980]). Where, as here, the broker is not involved in the negotiations leading up to the completion of the transaction, the broker must establish that it created an amicable atmosphere in which negotiations proceeded, or that it generated a chain of circumstances that proximately led to the sale (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., *986 Inc., 102 AD3d 770, 772 [2013]; Hentze-Dor Real Estate, Inc. v D’Allessio, 40 AD3d 813, 816 [2007]).
The defendants established as a matter of law that that test was not met. Although the plaintiff called the purchasers’ attention to the property, the evidence established that that was all it did. It did not create an amicable atmosphere for negotiations, which were engaged in by another broker. All the plaintiff did was show the purchasers the property, and obtain an offer substantially less than the asking price and ultimate selling price. At best, this indicated that the plaintiff had an indirect and remote link to the sale (see Greene v Hellman, 51 NY2d at 205-206), the terms of which were negotiated by another broker (see Mollyann, Inc. v Demetriades, 206 AD2d 415, 416 [1994]; see also Sacca v Symbol Tech., 265 AD2d 309 [1999]).
I do not agree with the majority that the plaintiff raised a triable issue of fact on that issue. On this point, it is undisputed that the purchasers refused to continue to deal with the plaintiff; the majority cites to the fact that the record does not reveal the circumstances surrounding that refusal. However, the absence of evidence does not raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]), especially where, as here, the defendant sellers were not in a position to know the circumstances surrounding the refusal of the purchasers to deal with the plaintiff, who was their agent.
Nor does the fact that the contract of sale included a provision stating that the broker, seller, and purchasers warranted that they only dealt with Fillmore in connection with the sale and the purchasers agreed to indemnify the seller for any breach of that warranty, raise a triable issue of fact as to whether another broker was involved. That provision was part of the form residential contract of sale, and the sellers’ attorney was justified in refusing to delete that provision at the request of the purchasers’ attorney. The fact that the purchasers may have been concerned that they owed a commission to the plaintiff, who was undisputably their agent, and showed them several pieces of property, was insufficient to impose liability upon the defendant sellers. In concluding that the defendant sellers are not entitled to summary judgment, the majority relies upon speculation and conclusory assertions which are insufficient to defeat a motion for summary judgment (see Indotronix Intl. Corp. v Ayyala, 67 AD3d 643, 644 [2009]).
Moreover, the majority’s characterization of the purported offer conveyed by the plaintiff of $699,000 as a “credible offer within the negotiable range” is not supported by any legal authority or testimony in the record, and injects a subjective el *987 ement into the question of whether a broker fulfilled his or her obligation to procure a purchaser ready, willing, and able to buy the subject property on terms set by the seller (see e.g. Lane— Real Estate Dept. Store v Lawlet Corp., 28 NY2d at 42; Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp., 70 AD3d at 811; New Spectrum Realty Servs. v Weiser, 273 AD2d at 172). The cases cited by the plaintiff on this point deal with the question of whether a licensed salesperson in the employ of the broker is entitled to share in a commission with the broker (see Parisi v Swift, 121 Misc 2d 787 [Civ Ct, Kings County 1983], affd 128 Misc 2d 388 [1985]; Greendlinger v Marilyn A. Donahue Real Estate, Inc., 4 Misc 3d 1016[A], 2004 NY Slip Op 50913[U] [Civ Ct, Kings County 2004]), which has no application to the instant case. It is clear from the record that that offer was not acceptable to the sellers.
Accordingly, I vote to affirm the order appealed from, which granted the defendants’ motion for summary judgment dismissing the complaint and denied the plaintiff’s cross motion for summary judgment on the issue of liability.