In an action to recover a real estate brokerage commission, the defendant Joan Gallant appeals from (1) an order of the *905 Supreme Court, Queens County (Strauss, J.), dated May 20, 2013, which granted the plaintiffs motion for summary judgment on the complaint insofar as asserted against her and denied her cross motion for summary judgment dismissing the complaint insofar as asserted against her, and (2) a judgment of the same court entered June 10, 2013, which, upon the order, is in favor of the plaintiff and against her in the principal sum of $130,000.
Ordered that the appeal from the order is dismissed; and it is further,
Ordered that the judgment is affirmed; and it is further,
Ordered that one bill of costs is awarded to the respondent.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
On June 6, 2009, nonparty Sutton & Edwards, Inc. (hereinafter Sutton), a real estate brokerage firm, entered into an exclusive agreement with the appellant, Joan Gallant, and her brother, Michael Rosen (hereinafter together the sellers), to sell an industrial property in Long Island City. The agreement, which provided that Sutton would receive a 2.75% commission, was executed on the appellant’s behalf by her daughter, Laura Gallant, as “attorney in fact for Joan Gallant.”
After the agreement was executed, Sutton sent out a flyer listing the property for sale, with an asking price of $6.7 million, to various brokerage firms, including the plaintiff, Sholom & Zuckerbrot Realty, LLC (hereinafter S&Z Realty). A real estate broker employed by S&Z Realty, Natalie Hurwitz, informed nonparty Farrell Properties, LLC (hereinafter Farrell), that the property was for sale, and took one of Farrell’s principals, Marguerite Farrell, to see the property. S&Z Realty then began negotiating on Farrell’s behalf to purchase the property. It submitted offers to Sutton of $6.25 million and $6.3 million, and requested a brokerage commission for itself of 5% and 4%, respectively. Sutton responded by proposing a purchase price of $6.4 million, and a total commission of 5%, split evenly between it and S&Z Realty. On September 11, 2009, S&Z Realty advised Sutton that Farrell accepted the $6.4 million purchase price, and that it accepted a 2.5% commission for itself. By email to Sutton dated September 16, 2009, Laura *906 Gallant agreed to a 5% commission, split between Sutton and S&Z Realty. The sellers’ attorney then drafted a contract of sale which listed the purchase price as $6.4 million, and listed Sutton and S&Z Realty as the brokers entitled to commissions on the sale.
On December 15, 2009, S&Z Realty sent an email to Marguerite Farrell attempting to set up a meeting to sign the contract. Marguerite Farrell replied with an email in which she stated that she no longer wanted to work with S&Z Realty as a broker. Farrell and the sellers later signed a contract dated April 21, 2010, listing a sale price of $6.3 million. The contract stated that Sutton was the only broker entitled to a commission. Ultimately, Farrell purchased the property on August 10, 2010, for $6.2 million. The sellers paid Sutton a 2.5% commission of $155,000. S&Z Realty was not paid a commission.
Thereafter, S&Z Realty commenced this action against the appellant and Robert Morris, as executor of the estate of Michael Rosen, to recover a 2.5% brokerage commission of $155,000 on the sale of the subject property. Morris settled with S&Z Realty for $25,000. S&Z Realty moved for summary judgment on the complaint insofar as asserted against the appellant, and the appellant cross-moved for summary judgment dismissing the complaint insofar as asserted against her. The Supreme Court granted the motion and denied the cross motion, and entered a judgment which was in favor of S&Z Realty and against the appellant in the principal sum of $130,000.
In order to recover a real estate brokerage commission, a broker must establish: (1) that it is duly licensed, (2) that it had a contract, express or implied, with the party to be charged with paying the commission, and (3) that it was the procuring cause of the transaction (see Cusumano Assoc., Inc. v Politoski, 118 AD3d 936, 937 [2014]; Poznanski v Wang, 84 AD3d 1048, 1049 [2011]). “To establish that a broker was the procuring cause of a transaction, the broker must establish that there was a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation” (Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770, 773 [2013]; see Talk of the Town Realty v Geneve, 109 AD3d 981 [2013]; Hentze-Dor Real Estate, Inc. v D’Allessio, 40 AD3d 813, 816 [2007]).
Here, S&Z Realty established its prima facie entitlement to judgment as a matter of law. In support of its motion, it submitted evidence establishing that Hurwitz was a duly-licensed real estate broker. It also submitted transcripts of the deposition testimony of the appellant and Laura Gallant, which *907 established that Laura Gallant had a power of attorney for the appellant, and a copy of the email from Laura Gallant to Sutton agreeing to pay a 5% brokerage commission to be split by S&Z Realty and Sutton. In addition, it submitted an affidavit from Hurwitz, transcripts of the deposition testimony of various individuals involved in the transaction, and copies of various emails, the proposed contract, and the final contract, which established that it was the procuring cause of the transaction (see Talk of the Town Realty v Geneve, 109 AD3d at 981; Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d at 773; see also General Obligations Law § 5-701 [b] [4]; Newmark & Co. Real Estate Inc. v 2615 E. 17 St. Realty LLC, 80 AD3d 476, 477 [2011]). In opposition, the appellant failed to raise a triable issue of fact. Her contention that S&Z Realty did not demonstrate that Laura Gallant’s power of attorney was in writing, as required by General Obligations Law § 5-703, is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted S&Z Realty’s motion for summary judgment on the complaint insofar as asserted against the appellant, denied the appellant’s cross motion for summary judgment dismissing the complaint insofar as asserted against her, and entered a judgment in favor of S&Z Realty and against the appellant in the principal sum of $130,000. Skelos, J.R, Hall, Sgroi and Barros, JJ., concur.