■ SAUNDERS VENTURES, INC., Doing Business as SAUNDERS AND ASSOCIATES, Respondent, v SUSAN DAVIDSON MORROW et al., Defendants, and B & H ASSOCIATES OF NY, LLC, Doing Business as PRUDENTIAL DOUGLAS ELLIMAN REAL ESTATE, Appellant. [18 NYS3d 712]—

In an action to recover a real estate brokerage commission, the defendant B & H Associates of NY, LLC, doing business as Prudential Douglas Elliman Real Estate, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated June 20, 2013, as denied that branch of the motion of the defendants Douglas Elliman, LLC, doing business as Prudential Douglas Elliman Real Estate, and B & H Associates of NY, LLC, doing business as Prudential Douglas Elliman Real Estate, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a real estate brokerage firm, commenced this action alleging that, based on its procurement of a ready, willing, and able purchaser, who in fact purchased the property at issue, the plaintiff was entitled to a percentage of the real estate brokerage commission, the entirety of which was paid to the defendant B & H Associates of NY, LLC, doing business as Prudential Douglas Elliman Real Estate (hereinafter B&H). The defendant Douglas Elliman, LLC, doing business as Prudential Douglas Elliman Real Estate, and B&H (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. As relevant to this appeal, the Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against B&H, and B&H appeals from that portion of the order. We affirm insofar as appealed from.

To prevail on a cause of action to recover a real estate commission, a plaintiff is required to prove, inter alia, that it was "the procuring cause of the sale" (*Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp.*, 70 AD3d 810, 810 [2010] [internal quotation marks omitted]). Where, as here, the broker is not involved in the negotiations leading up to the completion of the sale, the broker must establish that it created an amicable atmosphere in which negotiations proceeded or that it generated a chain of circumstances that proximately led to the sale (*see Hentze-Dor Real Estate, Inc. v D'Allessio*, 40 AD3d 813, 816 [2007]).

The defendants failed to establish B&H's prima facie entitlement to judgment as a matter of law. The defendants' submissions failed to eliminate all triable issues of fact with regard to their contention that the plaintiff did not create an amicable atmosphere in which negotiations proceeded or that the plaintiff did not generate a chain of circumstances that

proximately led to the sale (*see id.*). Rather, the evidence submitted in support of the defendants' motion demonstrated that the plaintiff's salesperson discussed the availability of the subject property with the eventual purchaser, provided the purchaser with the requested data necessary to make an offer, and put the purchaser in touch with the property's exclusive broker because only the exclusive broker was permitted to contact the seller.

Since the defendants failed to establish B&H's prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against B&H, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Chambers, J.P., Hall, Duffy and Barros, JJ., concur.

Motion by the respondent to strike stated portions of the appellant's reply brief on an appeal from an order of the Supreme Court, Suffolk County, dated June 20, 2013. By decision and order on motion of this Court dated August 25, 2014, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Chambers, J.P., Hall, Duffy and Barros, JJ., concur. **[Prior Case History: 2013 NY Slip Op 31447(U).]**