Gluck & Co. Realtors, LLC v Burger King Corp. (2018 NY Slip Op 05668)





Gluck & Co. Realtors, LLC v Burger King Corp.


2018 NY Slip Op 05668


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-04036
 (Index No. 14895/09)

[*1]Gluck & Company Realtors, LLC, respondent,
v
Burger King Corporation, et al., defendants, Roger Budhu, et al., appellants.


Barbara Lee Ford, Floral Park, NY, for appellants.
Deutsch & Schneider, LLP, Glendale, NY (William J. Fielding and Doris Barkhordar of counsel), for respondent.



DECISION & ORDER
In an action to recover a real estate brokerage commission, the defendants Roger Budhu and RLRC, LLC, appeal from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), dated November 9, 2015. The judgment, upon a decision of the same court dated September 9, 2015, made after a nonjury trial, is in favor of the plaintiff and against those defendants in the total sum of $55,810.08.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover a real estate brokerage commission, alleging that it performed brokerage services for the defendants Roger Budhu and RLRC, LLC (hereinafter RLRC), to facilitate the lease of the subject property, owned by RLRC, to a franchisee of the defendant Burger King Corporation (hereinafter Burger King). At a nonjury trial, the plaintiff's president testified that she was negotiating the terms of a lease with a broker for Burger King, which had to approve the location before the subject property could be leased to a franchisee, when Budhu, the principal of RLRC, terminated the plaintiff's services upon being asked to sign a commission agreement. RLRC subsequently entered into a lease with the defendant Hillside Foods, Inc. (hereinafter Hillside), a Burger King franchisee. Budhu asserted that the lease was negotiated by a broker other than the plaintiff.
After the trial, the Supreme Court determined that the plaintiff was entitled to recover a commission from Budhu and RLRC, and a judgment was entered in favor of the plaintiff and against Budhu and RLRC in the total sum of $55,810.08. Budhu and RLRC appeal.
The Supreme Court's determination that the plaintiff was entitled to recover a commission from Budhu and RLRC was warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). A real estate broker is entitled to recover a commission upon establishing that it (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the transaction (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d 770, 773; Sutton & Edwards, Inc. v 68-60 Austin St. Realty Corp., 70 AD3d 810; Hentze-Dor Real Estate, Inc. v D'Allessio, 40 AD3d 813). There is no dispute that the plaintiff is a licensed brokerage firm. [*2]Although Budhu and RLRC contend that the plaintiff cannot recover a commission because one of its employees, who is not a licensed broker pursuant to Real Property Law § 442-d, performed brokerage services, the credible evidence established that this employee did not act as a broker.
The plaintiff established that it had an implied contract to provide brokerage services for Budhu and RLRC. The plaintiff also established that it was the procuring cause of the transaction. In order to establish that it was the procuring cause of a transaction, a "broker must establish that there was a direct and proximate link, as distinguished from one that is indirect and remote, between the bare introduction and the consummation" (Douglas Elliman, LLC v Silver, 136 AD3d 658, 660 [internal quotation marks omitted]; see Talk of the Town Realty v Geneve, 109 AD3d 981; Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d at 773). While the plaintiff was not involved in the negotiations leading up to the completion of the deal between RLRC and Hillside, it established that it created an amicable atmosphere in which negotiations proceeded, and that it generated a chain of circumstances that proximately led to the transaction (see Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d 991, 994; Hentze-Dor Real Estate, Inc. v D'Allessio, 40 AD3d at 816). Even if the plaintiff were not the procuring cause of the transaction, it would still be entitled to recover a commission, as the evidence established that Budhu and RLRC terminated the plaintiff's activities in bad faith and as a mere last-minute device to escape the payment of the commission (see Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d at 994-995; Friedland Realty v Piazza, 273 AD2d 351).
Moreover, even assuming that there was no contract, express or implied, between the parties, the plaintiff would be entitled to recover for its services in quantum meruit in order to avoid the unjust enrichment of Budhu and RLRC (see Curtis Props. Corp. v Greif Cos., 212 AD2d 259, 266). The plaintiff established that it performed services in good faith, that Budhu and RLRC accepted the services, that it expected to be compensated therefor, and the reasonable value of the services (see Zere Real Estate Servs., Inc. v Parr Gen. Contr. Co., Inc., 102 AD3d at 772; Tesser v Allboro Equip. Co., 73 AD3d 1023, 1026).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court