Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC (2022 NY Slip Op 06698)

Laffey Fine Homes of N.Y., LLC v 7 Cowpath, LLC

2022 NY Slip Op 06698

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2019-13483
 (Index No. 600238/18)

[*1]Laffey Fine Homes of New York, LLC, etc., respondent, 
v
7 Cowpath, LLC, appellant.

Goldberg & Chase, LLP, Brooklyn, NY (Donald Drew Goldberg of counsel), for appellant.
Law Offices of John T. Patafio, P.C., Greendale, NY, for respondent.

DECISION & ORDER
In an action to recover a real estate brokerage commission, the defendant appeals from an order of the Supreme Court, Nassau County (Sharon M.J. Gianelli, J.), entered October 16, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2016, the plaintiff and the defendant entered into an agreement to sell residential property located in the Village of Brookville. The agreement provided, inter alia, that the plaintiff would receive a 4% commission or, if the property was sold by an associate broker, Janet Berookhim, a 3% commission.
After the agreement was executed, Berookhim listed the property, advertised the property in various publications, and hosted open houses at the property. However, because Berookhim's husband was terminally ill, another of the plaintiff's associate brokers attended an open house, met the couple who ultimately purchased the property thereat, and managed the transaction until the execution of the sales contract. A representative for the plaintiff was denied access to the closing, and the defendant did not pay a commission to the plaintiff.
Thereafter, the plaintiff commenced this action to recover a 4% brokerage commission of $132,000 on the sale of the property. The plaintiff moved, inter alia, for summary judgment on the complaint. The defendant opposed the motion. The Supreme Court, among other things, granted that branch of the plaintiff's motion, and the defendant appeals.
Preliminarily, as a general rule, a motion for summary judgment must be made no later than 120 days after the filing of a note of issue unless the court sets another date after which no such motion may be made (see CPLR 3212[a]). Here, where the Supreme Court's certification order provided that "[m]otions for summary judgment must be filed within 60 days of the filing of the note of issue" and the plaintiff filed its motion 60 days after the filing of the note of issue, the court properly determined that the plaintiff's motion was timely.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). "Once this [*2]showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action" (id. at 324; see Zuckerman v City of New York, 49 NY2d 557, 562).
"A real estate broker is entitled to recover a commission upon establishing that it (1) is duly licensed, (2) had a contract, express or implied, with the party to be charged with paying the commission, and (3) was the procuring cause of the transaction" (Gluck & Co. Realtors, LLC v Burger King Corp., 164 AD3d 562, 562; see Real Property Law § 442-d; Futersak v Perl, 84 AD3d 1309, 1310-1311). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, Berookhim's affidavit, the parties' agreements, and excerpts from the transcripts of witness depositions. In opposition, the defendant failed to raise a triable issue of fact. The defendant's counsel's assertion that Berookhim "claims to have sold the property," without further evidence, was insufficient to raise a triable issue of fact as to whether Berookhim, rather than the plaintiff, was the procuring cause of the transaction (see Zuckerman v City of New York, 49 NY2d at 563-564; cf. Gluck & Co. Realtors, LLC v Burger King Corp., 164 AD3d at 563). Contrary to the defendant's contention, Real Property Law § 442-d did not require the plaintiff to allege or prove that its employees were also duly licensed real estate brokers or real estate salespersons (see Gluck & Co. Realtors, LLC v Burger King Corp., 164 AD3d at 563; Sholom & Zuckerbrot Realty, LLC v Gallant, 130 AD3d 904, 906).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Sholom & Zuckerbrot Realty, LLC v Gallant, 130 AD3d at 906-907; Kosinski v Woodside Constr. Corp., 77 AD2d 674, 674-675).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court